JOHN F. HIGGINS, Respondent, *against* JOHN CALLAHAN *et al.*, Impleaded, &c., Appellants.

(Decided April 3rd, 1882.)

After judgment against the defendant in an action, a motion was made by him and his sureties in a bond for the limits given by him in the action, that the judgment be satisfied of record, which motion was granted by the special term. From this order of the special term the plaintiffs in the action appealed. *Held*, that the general term, on reversing the order, might impose the costs of the appeal upon all the parties making the motion, although the defendant's sureties were not parties to the action; that such costs should be adjusted by the clerk upon notice; and that, as no process is provided for collecting costs on a motion made after judgment, an action for their recovery might be maintained.

APPEAL from a decision of the general term of the Marine Court of the City of New York reversing a judgment of that court upon a demurrer to a complaint and overruling the demurrer.

The action was brought by plaintiff, who was the assignee of Albert G. Woodruff and others, composing the firm of Woodruff, Morris & Co., to recover the sum of $55.37, the amount of . costs upon an appeal in the Marine Court, from an order made in an action brought by said firm against Daniel McGuire.

A judgment had been recovered against Daniel McGuire by said firm, and a motion after judgment was made by Daniel

McGuire and by John Callahan and Thomas McGuire, who were his sureties on a limit bond given by him in said action, to have the said judgment satisfied of record. Their motion was granted; but the plaintiffs in the action appealed to the general term of the Marine Court, which reversed the order appealed from, and denied the motion to mark the judgment satisfied, and ordered the parties making the motion to pay costs and disbursements, which were directed to be taxed by the clerk. The costs were duly taxed on notice at $55.37, and demand thereof made and payment refused. The cause of action for the recovery of that sum was assigned to this plaintiff, who brought this action in the Marine Court. The defendants interposed a demurrer that the complaint did not set forth facts sufficient to constitute a cause of action. The special term of the Marine Court gave judgment sustaining the demurrer. Plaintiff appealed, and the general term of the court reversed the judgment of the special term, and gave judgment on the demurrer in favor of plaintiff, with leave to defendants to answer over in six days, in default of which, final judgment was directed. Defendants did not avail themselves of the leave granted and final judgment was entered. From that judgment the defendants appealed to this court.

: *George G. Dickson,* for appellants.

*John Brooks Leavitt,* for respondent.

J. F. DALY, J.—[After stating the facts as above.]—The plaintiff's cause of action is based upon the order of the general term of the Marine Court awarding costs against all these defendants and directing taxation by the clerk. The questions raised by the demurrer are: 1. The authority of the general term to impose costs upon two of these defendants, Callahan and Thomas McGuire, who were parties to the motion before the court but not parties to the action, they being merely sureties of the defendant therein and joining with him in a motion to have the judgment marked satisfied. 2. The authority of the general term to direct such costs to be taxed by

the clerk.   3. The right to bring action for such costs even if regularly awarded.

The costs awarded by the general term of the Marine Court were upon appeal from an order granting a motion made by Thomas McGuire and John Callahan, joining with Daniel McGuire, the defendant in the action.   The two former had submitted themselves to the judgment of the court in applying for relief in a matter in which they had an interest.   They were before the court to sustain the order they had obtained at special term.   The costs on appeal from the order were in the discretion of the court (Code Civ. Pro. § 3239), and might therefore be imposed upon any party to the application then before the court.   This section does not limit the power to impose costs on such of the litigants as are strictly parties to the action in which the application is made, but gives the appellate tribunal the fullest discretion.

When costs are in the discretion of the court, the decision must specify which party is entitled to costs, but the costs must be taxed by the clerk (Code Civ. Pro. § 3262).   This section may be construed to cover the case before us.   On an appeal, the amount of costs is uncertain, because " the reasonable expenses of printing the papers for a hearing" are to be included in such costs (Code Civ. Pro. § 3256), and the amount to be allowed for such reasonable expenses is to be ascertained on proofs and should be adjusted by the clerk on proper notice. This practice was strictly followed here.   The general term, in reversing the order obtained by the defendants, satisfying the judgment against Daniel McGuire, awarded costs to the appel lants, the plaintiffs in that judgment, and against the respondents Callahan, Thomas McGuire and Daniel McGuire, and directed the clerk to tax such costs.   This was done on notice, and the amount adjusted by the clerk at $55.37.   We cannot say that this included more than $10 on reversal of the order, and necessary disbursements for printing ; if it did, the respondents on that appeal had their remedy to review the taxation if it were incorrect as to amount, but they made no motion in respect of it.

Those costs were awarded on a motion made after judgment,

and no process is provided for collecting them. The parties entitled had therefore an action (*McDougall* v. *Richardson*, 3 Hill, 558). This authority will not, at this day, be questioned No subsequent case cited by appellants is in conflict with it, and the Code of Civil Procedure is silent as to the mode of collecting costs awarded in a summary motion made after judgment.

The demurrer to the complaint was not well taken, and the general term of the Marine Court properly overruled it and ordered judgment in favor of plaintiff on his appeal from the judgment against him. The final judgment of the Marine Court entered by direction of the general term is appealable to this court. The last point taken by appellants, that this is an appeal from an order, is therefore not well taken. Their notice of appeal states that they appeal from the judgment and the order.

The judgment and order should be affirmed, with costs.

VAN BRUNT, P. J., concurred

Judgment and order affirmed, with costs.