(19 Misc. Rep. 652.)

### MILLADY v. STEIN.

(Supreme Court, Appellate Term, First Department. March 25, 1897.)

ALIMONY—ACTION TO RECOVER—DEATH OF WIFE.

No recovery can be had of an allowance to plaintiff in a divorce suit for counsel fees "in conducting this action to its final determination," where plaintiff died pending the divorce suit, though after defendant was in default.

Appeal from First district court.

Action by Richard Millady against Leo Stein. There was a judgment in favor of plaintiff, and defendant appeals. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Charles S. Sinsheimer, for appellant.
Max Altmayer, for respondent.

McADAM, J. The action is by the plaintiff, as assignee of Max Altmayer, an attorney and counselor at law, to recover the sum of $50, under these circumstances: Altmayer was the attorney for the plaintiff in an action for absolute divorce brought in the supreme court by his client, Antonia Stein, against her husband, the defendant herein, and applied for alimony and counsel fees to enable her to conduct her suit. The application resulted in an order made July 15, 1896, providing as follows:

"Ordered, that the plaintiff, Antonia Stein, be, and she hereby is, allowed the sum of ten dollars per week as alimony herein for the support and maintenance of herself and child for and during each week from the date of this order until the final determination of this action. And it is further ordered that the plaintiff, Antonia Stein, herein be allowed the further sum of fifty dollars as and for her expenses as counsel fees in conducting this action to its final determination. And it is further ordered that the said defendant, Leo Stein, pay to the plaintiff or her attorney, Mr. Max Altmayer, said sum of fifty dollars allowed to her as counsel fees herein within five days after the service of this order, and that the said defendant also pay unto the plaintiff or her attorney herein the said sum of ten dollars each and every week from the date of this order during the continuance of and until the final determination of this action, as alimony allowed plaintiff herein for the support and maintenance of plaintiff and her child."

The sum sued for is the $50 counsel fee allowed by the preceding order. The order was served on the defendant, July 15, 1896, and demand made on him for the payment of the money, so that he was in default of payment after demand made on July 21st. The wife died

July 24, 1896, and her suit for divorce in consequence abated. It is a personal action, and cannot be maintained after the marriage has been dissolved by death. 7 Enc. Pl. & Prac. 123. In McCurley v. McCurley, 60 Md., at page 189, the court said:

"It is well settled that the death of either party to a divorce suit before decree, it being a personal action, abates the divorce proceedings; and this effect must extend to whatever is identified with those proceedings. The allowance of money to pay the wife's counsel fees is in furtherance of the procedure to obtain or prevent the divorce. When, therefore, the jurisdiction to pass a decree is ended, no jurisdiction can survive as to matters purely ancillary to that object."

See, also, Stanhope v. Stanhope, 2 Prob. Div. 103; Wilson v. Wilson, 73 Mich. 620, 41 N. W. 817; Nels. Div. & Sep. § 729a; 2 Bish. Mar., Div. & Sep. (Ed. 1891) § 687; 1 Bish. Mar., Div. & Sep. § 1420. In Re Thrall, 12 App. Div., at page 235, 42 N. Y. Supp. 439, where the wife sought to enforce, after the termination of an action for limited divorce, an order for alimony previously made therein, the court said: "All intermediate preliminary and provisional orders necessarily fell when the action ceased to exist." The supreme court in the lifetime of the wife had power to enforce its order, both as to alimony and counsel fee (Code, §§ 1769, 1772), and lost it only by reason of the abatement of the action. That said court was the appropriate one in which to enforce the order is apparent, particularly in view of the fact that it retained authority, under section 1769, to modify the order to suit the exigencies of the case. The allowance of "counsel fees herein," as expressed in the order, was for conducting the action "to its final determination," and looked to the future, not the past. Beadleston v. Beadleston, 103 N. Y. 403, 405, 8 N. E. 735; McCarthy v. McCarthy, 137 N. Y. 500, 33 N. E. 550. It is probable, therefore, that the supreme court would, in view of the dissolution of the marriage by the wife's death three days after the husband's default, have modified its order by relieving the husband from the payment, either in whole or in part, of the fee allowed for the future prosecution of the action, when death made such prosecution impossible; for an order of the court, like a rule of law, should extend no further than the reason upon which it proceeds. The authority of the attorney ceases with the client's death. Wells, Attys. § 192; 1 Am. & Eng. Enc. Law, 958. In Hopkins v. Hopkins, 21 Wkly. Dig. 174,—an action against the husband for divorce,—an order was made that defendant pay to plaintiff or her attorney $50 for counsel fee therein, and the plaintiff's attorney undertook to enforce the order after the death of his client. The court held that the action had abated, and the order was not enforceable. In Lachenmeyer v. Lachenmeyer, 65 How. Prac. 422, it appeared that the defendant, in an action for a limited divorce, moved to vacate an order of arrest upon which he had been held. An order denying the motion was affirmed by the general term, and an appeal to the court of appeals was dismissed, with costs. The remittitur upon the decision was received by the attorney, June 22, 1892, and on the following day the plaintiff died. Judgment was allowed to be entered as of June 22, 1892, and it was held that, as the judgment was exclusively for costs "given unqualifiedly," the attorney was entitled to enforce their collection by execution for his own benefit. If the

plaintiff's assignor had, prior to the death of his client, obtained such a judgment, he would, under the Lachenmeyer Case, have found his remedy in the supreme court. The assignor had no such judgment. He merely had an interlocutory order, which, within certain limitations in its discretion, could be modified or enforced by the court making it. Interlocutory orders in divorce suits and other like proceedings of equitable cognizance are generally of an elastic character, depending, as to the degree of their enforcement, on what has been termed the conscience of the chancellor, unlike orders made in common-law actions, which are immutable. In Higgins v. Callahan, 1 City Ct. R. 354, affirmed 10 Daly, 420, it was held that an action would lie in the marine court to recover motion costs lawfully imposed by orders of that court where the same were not enforceable by precept, attachment, or execution. But there is nothing in that case, or in McDougall v. Richardson, 3 Hill, 558, on which its decision was based, which goes to the extent of holding that interlocutory orders for alimony or counsel fees made by a superior court of record may be enforced even by action in a court of inferior jurisdiction. The plaintiff claims that the action may be sustained on the theory of necessaries furnished to the wife,—a contention at least doubtful (Herrick v. Catley, 1 Daly, 512). But such is not the theory of the action. It is founded on the supreme court order, which declares that the $50 was allowed for counsel fees in conducting the divorce suit "to a final determination." This contemplated the rendition of services in the future, which the death of the wife, the plaintiff in the action, made impossible. The recovery was on the order and for the entire sum specified in it, without regard to the value of what had been done or would be done in the future, on the theory that the order itself furnished a right of action and fixed the amount of the recovery. Being of opinion that the action is not maintainable, even as one of debt, under the former practice, inquiry into the question raised as to the jurisdiction of the court below, or as to whether, under the order made and by section 1769 of the Code, the counsel fee belonged to the attorney, is obviated. The judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.