KELLOGG v. STODDARD et al.

(Supreme Court, Appellate Division, Fourth Department.  December 1, 1903.)

1. DIVORCE—ORDER FOR PAYMENT OF COUNSEL FEES—DEATH OF HUSBAND.
   An order made under Code Civ. Proc. § 1769, providing that pending an action for divorce or separation the court may make an order requiring the husband to pay money necessary to enable the wife to carry on the action, loses its force on the death of the husband, and cannot afterwards be enforced.

2. SAME—DIRECTING PAYMENT TO ATTORNEY.
   Under Code Civ. Proc. § 1769, providing that pending an action for divorce or separation the court may make an order requiring the husband to pay money necessary to enable the wife to carry on the action, an order directing payment to her attorneys cannot be sustained.
   McLennan, P. J., dissenting.

Appeal from Trial Term, Jefferson County.

Action by Virgil K. Kellogg against George A. Stoddard and another, executors. From a judgment for plaintiff, and from an order overruling a demurrer to the complaint (81 N. Y. Supp. 271), defendants appeal. Reversed.

Harriet Stoddard commenced an action in the Supreme Court for a judgment of separation against her husband in January, 1901, the law firm of which the plaintiff is a member appearing in her behalf. Upon her motion an order was granted at Special Term "to pay to the plaintiff's attorneys in said action the sum of $250 as and for their counsel fee therein." The order was entered April 9, 1901, and a certified copy served on the defendant May 10th thereafter. No part of the sum awarded was ever paid, and Mr. Stoddard died May 25, 1901. The plaintiff, who claims he alone of his firm represented the plaintiff in the separation action, presented a claim to the executors of Stoddard, deceased, for said sum of $250. The claim was rejected by the executors, who refused to refer the same, and this action followed to enforce the collection of the sum allowed by said order. The demurrer interposed on the ground that the complaint did not state a cause of action was overruled, with leave to answer in 20 days, and upon failure so to do the interlocutory judgment or order provided for judgment absolute in favor of the plaintiff, and such final judgment was thereafter entered, as no answer was served.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Wilbur A. Porter, for appellants.
Virgil K. Kellogg, in pro. per.

SPRING, J.  The only authority for granting an order like the one which is the basis for the plaintiff's claim is section 1769 of the Code of Civil Procedure. Poillon v. Poillon, 75 App. Div. 536, 78 N. Y. Supp. 323. That section permits, among other things, the court, in its discretion, during the pendency of the action, to make an order "requiring the husband to pay any sum or sums of money necessary to enable the wife to carry on or defend the action." This is therefore a provisional remedy, dependent upon the pendency of the action, and, as the action abates with the death of the husband, its termination necessarily takes the order down with it. Johns v. Johns, 44 App. Div. 533, 60 N. Y. Supp. 865, affirmed on opinion below, 66 N. Y. 613, 59 N. E. 1124; Matter of Thrall, 12 App. Div.

235, 42 N. Y. Supp. 439, affirmed on opinion below 153 N. Y. 645, 47 N. E. 1111; Field v. Field, 15 Abb. N. C. 435; Millady v. Stein, 19 Misc. Rep. 652, 44 N. Y. Supp. 408. In the Johns Case the plaintiff, in 1882, obtained a judgment of divorce dissolving the marriage relation, and requiring the defendant to pay to her $2,400 a year, in monthly installments, during her life. The husband complied with the decree until his death in February, 1898. The plaintiff commenced an action to make the judgment a charge upon his estate continuing during her lifetime. The trial court dismissed the complaint upon the ground that the judgment spent its force upon the decease of the husband, and the judgment of dismissal was affirmed on appeal. In the Matter of Thrall, supra, the action had been discontinued after the order was granted allowing alimony pendente lite, and the wife endeavored to enforce the same against the assignee for the benefit of the creditors of the husband to the date of the discontinuance of the action. The court denied her application, and the order was affirmed; the court saying at page 237, 12 App. Div., page 440, 42 N. Y. Supp.:

"All intermediate, preliminary, and provisional orders necessarily fell when the action ceased to exist. It would have been the same had the complaint been dismissed as to the defendant, in which case it certainly could not be claimed that provisional remedies survive, although judgment had been rendered in favor of the defendant."

The disposition of the cases cited rests upon the proposition that the application is a statutory one, and the peculiar relief granted pending the application growing out of the cause of action is merely incidental to the cause of action itself. When the action is ended, the provisional remedies arising out of it terminate also. They are continued along in a pending suit as features of it, and not as independent proceedings. The code provisions for the enforcement of an order of this kind as by sequestration of the property or by contempt proceedings are all in the action, and exist by virtue of its pendency. The payment of the money to the wife pursuant to section 1769 of the Code is "to enable her to carry on or defend the action." It is an allowance for the purpose of enabling her to subpœna her witnesses, prepare for and meet the expenses of the trial, including payment of counsel. The money is expected to be used chiefly, at least, to pay necessary expenses accruing after the granting of the order. Beadleston v. Beadleston, 103 N. Y. 402, 8 N. E. 735; McCarthy v. McCarthy, 137 N. Y. 500, 33 N. E. 550. Issue was joined in this action February 13, 1901, and the order directing the husband to pay the $250 was made April 6th following, so that the ordinary expenses incident to the prosecution of the action had not then been incurred to any large extent. The learned court below sustained the order also upon the ground that the services rendered to the wife were necessary, to pay for which she could pledge her husband's credit, relying upon Naumer v. Gray, 28 App. Div. 529, 51 N. Y. Supp. 222, and the same case, 41 App. Div. 361, 58 N. Y. Supp. 476. It may be, after the discontinuance of the action of separation, so that the wife is received back by her husband, and is thereafter supported and maintained by him, thus, in effect,

ending the same successfully in her favor, that an action may lie by her attorney to recover the value of his services. This case, however, does not come within that principle. It is not an action for the value of the services rendered, but to enforce an order whose scope embraces services and expenditures necessary to the future prosecution of the action. The value of the work done by the plaintiff is not up for determination, nor can we say the value is fixed by the order, for it relates to services never performed. The cause of action set forth in the plaintiff's complaint depends wholly upon the order for its vitality. If an order for alimony ends with the action, so also must the kindred order for the payment of money to carry it on lose its force when life departs from the action.

Another objection to the maintenance of this action is that the award pursuant to the section of the Code referred to is to the wife, and upon the assumption that she lacks the means to prepare for the trial. It is not an allowance to her attorneys, and for that reason this action ought not be sustained.

The final judgment should be reversed, the interlocutory judgment or order set aside, with costs of this appeal, and the demurrer sustained, with costs, with leave to the plaintiff to plead over upon payment of said costs with the disbursements of appeal.

So ordered. All concur except McLENNAN, P. J., who dissents.