GORDON v. UNITED STATES FIDELITY & GUARANTY CO. et al.

(Supreme Court, Appellate Term. April 17, 1912.)

1. DIVORCE (§ 197*)—ALIMONY—AWARD—COUNSEL FEES.

An order awarding alimony and counsel fees merely awards for services to be rendered, and gives the attorney no right to compel payment of any fee, except for the reasonable value of legal services actually performed.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 582, 583; Dec. Dig. § 197.*]

2. APPEAL AND ERROR (§ 1239*)—APPEAL BOND—ACTION—PARTIES.

Where the sole obligee of a bond given on appeal from an order awarding alimony and counsel fees was the plaintiff in the alimony proceeding, and she, by reason of reconciliation with her husband, had no legal interest in the obligation being enforced in favor of her attorney, her attorney could not maintain an action upon the bond for a fee.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4785, 4786; Dec. Dig. § 1239.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from City Court of New York, Special Term.

Action by Jacob Gordon against the United States Fidelity & Guaranty Company and another. From an order denying plaintiff's motion for judgment on the pleadings, he appeals. Affirmed.

Argued February term, 1912, before SEABURY, GUY, and BIJUR, JJ.

Jacob Gordon, of New York City, in pro. per.

O'Gorman, Battle & Marshall, of New York City (Albert Blogg Unger, of counsel), for respondents.

SEABURY, J. This action was instituted against the United States Fidelity & Guaranty Company upon its bond, given on an appeal from an order of the Supreme Court in the action of Betts v. Betts, awarding the plaintiff in that action the sum of $600 per month alimony, and a further sum of $750 to Jacob Gordon, the plaintiff in this action, as counsel fee. The complaint alleges the making of the order in the Supreme Court and its affirmance on appeal by the Appellate Division, and that Anna R. Betts, who was plaintiff in the former action, has refused to institute an action on the bond. The bond is annexed to the complaint. Anna R. Betts is named as a party defendant in this action. To this complaint the corporation defendant demurs, on the ground that the complaint fails to state facts sufficient to constitute a cause of action. The plaintiff moved for judgment on the pleadings, and from an order denying that motion appeals to this court.

The bond provides that the corporation defendant—

"does hereby, pursuant to the statute in such case made and provided, undertake that the appellant, Louis Betts, will pay all costs and damages which may be awarded against the said appellant, Louis Betts, on said appeal, not exceeding five hundred dollars, and does also undertake that if the order so appealed from, or any part thereof, is affirmed on the appeal or dismissed, the appellant, Louis Betts, will pay any sum allowed as alimony and counsel fees by said order, not exceeding three thousand dollars."

This bond is written under the caption:

"Anna R. Betts, Plaintiff Respondent, against Louis Betts, Defendant Appellant."

The obligee of the bond was Anna R. Betts, not the plaintiff. The complaint, by reference to the bond, makes it a part thereof, and the allegations of the complaint that the obligation is to the plaintiff cannot be held to prevail over the terms of the bond.

[1] The order of the Supreme Court awarding alimony and counsel fee made the award of counsel fee for services to be subsequently rendered. Kellogg v. Stoddard, 89 App. Div. 137, 84 N. Y. Supp. 1015. If the services were to be rendered, the attorney had the right to proceed under the order to compel payment of the counsel fee. If the occasion for the rendition of the services did not arise by reason of the reconciliation of the husband and wife, the attorney would have no cause of action, except for legal services performed up to that date.

[2] Whether or not, under the facts in this case, the plaintiff has

any cause of action against either the husband or the wife personally, we are not now called upon to determine. It is clear that he has no cause of action upon the undertaking given by the corporation defendant. The provision contained in the undertaking was not for the benefit of the plaintiff, nor has Mrs. Betts any legal interest that the undertaking should be performed in favor of the plaintiff. In fact, her legal interest might well be to the contrary, and if, for the sake of argument, we assume the situation which is stated in one of the briefs to be a fact, we cannot see that she receives any benefit by reason of her husband's surety being required to pay a lawyer a counsel fee for services which her reconciliation with her husband has made it unnecessary for him to perform.

So far as the complaint is concerned, it would seem that the order, which directed the payment of counsel fee, contemplated that such counsel fee should be paid for legal services to be rendered in the trial of the action. The reconciliation of the parties to that action seems to have rendered the trial of that action unnecessary. Presumably this is a solution satisfactory to the parties. Certainly the action cannot be continued for the benefit of the attorney, and for the sake of according him an opportunity to earn the fee which the order of the court contemplated he would be required to earn. If the order has not been violated, neither the obligee nor any one else has any cause of action upon the bond. If the plaintiff pursues his remedies against the husband or wife, it is evident that, if he can recover at all (which we do not decide), he can only recover for the services which he would have been required to render if the parties to the original action had not determined to abandon it. The reasonable value of the services rendered is all that the plaintiff should be permitted to recover in any event. He cannot get paid for services he did not render, by suing on the bond which was given to indemnify the wife for the amounts awarded in the order fixing alimony and counsel-fee.

We are of the opinion that the order of the learned court below, denying the plaintiff's motion for judgment on the pleadings, wa⁻ proper, and it should be affirmed, with $10 costs and disbursements. All concur.