Maurice Bernhardt, J.
This is an application for allowances of counsel fees to cover services rendered by an attorney for a plaintiff who is now deceased. This action was originally commenced for divorce but later amended to one for separation. Plaintiff had previously moved for an allowance of alimony and counsel fees to this court. Alimony was granted but counsel fees were referred to the trial court. Defendant appealed to the Appellate Division from an order entered on this motion and from a further order denying defendant’s motion to vacate a note of issue. During the pendency of the appeal and before plaintiff’s death, an application by plaintiff for counsel fees to the Appellate Division was denied with leave to renew at Special Term (see order of Appellate Division, dated Jan. 8,1970). On argument of the appeal, the appellate court was advised of plaintiff’s decease and on consent substituted her executor as plaintiff-respondent. Both of the appealed orders were subsequently affirmed without opinion (35 A D 2d 655).
The application before me is based only on the affidavit of plaintiff’s attorney who asks that a ‘1 judgment be entered requiring the defendant herein, Gaspare Butera, to pay to George J. Razis, Esq., the sum of $750, as awarded by this court, the sum of $2,500 as and for attorney fees for the appeal and for such other and further relief as to this court may seem just and proper.” The principal issue raised here is whether this court retains authority for the purpose of such an application following the death of a party in a matrimonial action. There is a decided dearth of precedents in this jurisdiction on the question. The cases cited by defendant’s attorney (Millady v. Stein, 19 Misc. 652; Kellogg v. Stoddard, 89 App. Div. 137) are not precisely in point although they do state the general rule — that a suit for divorce or separation abates upon the death of either party. Both the Millady and Kellogg cases involve collection and enforcement by attorneys after their clients’ deaths of fees for prospective services awarded by order during the lifetime of the clients.
‘ ‘ A cause of action for a divorce being distinctly personal in character, does not survive the death of either party, and accordingly an action for divorce abates upon the death of either of the two spouses who are parties to the action (16 N. Y. Jur., Domestic Relations, § 921; ibid., § 943; see, also, Foster-Freed, Law and the Family, §§ 5:23, 5:51, 13:38.) As a necessary corollary to this principle it follows,‘ ‘ When the action is ended, the provisional remedies arising out of it terminate also. They are continued along in a pending suit as features of it, and not *606 as independent proceedings.” (Kellogg v. Stoddard, supra, p. 139.)
Section 237 of the .Domestic Relations Law marks an exception to the above rule insofar as it relates to actions for annulment after the death of a party. This exception serves also to prove the rule. Prior to the enactment of this provision, it was held in an action for an annulment where the husband had died, “ Alimony and counsel fee can only be allowed where the relation of husband and wife exists. The defendant has no husband. He died in June, 1917, and after his death the court had no power to make an order allowing alimony and counsel fee in an action to annul the marriage.” (Farnham v. Farnham, 227 N. Y. 155, 158.) This holding by the Court of Appeals is still valid in any matrimonial action other than one for annulment. In a case involving an application by an attorney for a deceased wife to punish the surviving husband for contempt for failure to pay counsel fees previously awarded, Mr. Justice Heller of this court (Anonymous v. Anonymous, N. Y. L. J., July 8, 1968, p. 10, col. 6) points up the lack of authority by a court to allow counsel fees in such a situation. He recommends that the Legislature amend section 237 to permit such an allowance on a quantum meruit basis and grant judgment to an attorney where an action is discontinued or abates, as here.
Although I have found no ease in this jurisdiction squarely in point, I do not believe that such an apt precedent is essential to a determination here. An action such as this unquestionably abates on a death of a party and with such abatement the right to ancillary relief falls with it. Section 237 states, “In any action or proceeding * * * the court may direct the husband * * * to pay such sum or sums of money to enable the wife to carry on or defend the action or proceeding ”. Although not as exact as the language of the predecessor section 1169 of the Civil Practice Act which limited such application “ during the pendency ” of such an action, the result is still the same. There is no “ action or proceeding ” before this court since the death of the plaintiff in which the order which counsel seeks may be made.
The most nearly comparable precedent which I have found is in Hogsett v. Hogsett (409 S. W. 2d 232, 238 [Mo. Ct. of App.]) where counsel for a deceased plaintiff wife similarly sought allowance of fees for services rendered in the action. The court there stated'(pp. 237-238): “ Beyond question, the rule in this state is that a suit for divorce abates at the time of the death of either spouse * * *. Thereafter there is no suit for divorce pending. The overwhelming weight of authority in this country is to the same effect. * * * All were grounded on the broad *607 rule that the death of one of the parties to a divorce suit results in the immediate abatement and final termination of that suit and ousts the court of all jurisdiction of the person of the parties and of the subject matter of the suit and of all right to make any further order in the suit. * * * By the same reasoning, Cosgrove’s [the attorney’s] motions are not motions in a pending divorce proceeding because the jurisdiction of the court over the entire cause entitled ‘ Hogsett v. Hogsett ’ was lost by the abatement and final termination of that suit as a result of the death of Mrs. Hogsett and regrettably no divorce proceeding is pending in which the allowances he seeks can be made.”
There is no proof in the moving papers that this application is being made by or with the consent of the executor of the deceased wife. The affirmations are those by the attorney alone. He asks for a “ judgment ” awarding fees to George J. Bazis, Esq. (the attorney for the deceased plaintiff). Without question, such a disposition, in the absence of any other objection, would be invalid. I would need to grant a separate judgment to counsel who is not and never was a party to the action. He asks for $2,500 to cover services rendered in the appeal as well as $750 “ ordered pursuant to a prior court order.” I find no such prior order in the record and counsel has not furnished me with a copy of such an order. I must assume that he refers to his application for such a fee which was referred for determination on the trial of this action by the order of December 4, 1969. However, I must here state that even in the absence of the above defects in the moving papers, I find no basis for entertaining the application on the general principles of law which I have discussed earlier.
The cross application by the defendant to turn over various items of assets has been previously denied by this court (see order of Dec. 4, 1969). That order was affirmed by the Appellate Division (36 A D 2d 655). Additionally, the same principles which required denial of the application by plaintiff’s counsel prevent the consideration of the cross motion. There is no pending action before me.
The application for counsel fees is denied without prejudice to any plenary action at common law which may be available to plaintiff’s counsel. The cross application is also denied without prejudice to any valid remedy which may be available to defendant.