■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v FRANK BANNER, JR., Respondent.—Appeal by the People from an order of the Supreme Court, Queens County, dated December 9, 1976, which, upon inspection of the Grand Jury minutes pursuant to the motion of the defendant, dismissed the indictment against him. Order reversed, on the law, and indictment reinstated. No findings of fact were presented for review. The evidence presented to the Grand Jury was legally sufficient to sustain the indictment charging defendant-respondent with reckless endangerment in the first degree (see CPL 190.65, subd 1; 210.20, subd 1, par [b]; Penal Law, § 120.25). Under the circumstances of this case, it was not

prejudicial error for the prosecutor to have instructed the Grand Jury merely by reading the statutes defining reckless endangerment in the first degree and the defense of justification. Considering the simple nature of the facts, we do not find that the failure to do more created an impairment of the Grand Jury's integrity or a possibility of prejudice to the defendant (cf. *People v Percy,* 45 AD2d 284). Nor do we find that it would be in further-ance of the interest of justice to dismiss this indictment (see CPL 210.40, subd 1). Damiani, J. P., Shapiro, Mollen and O'Connor, JJ., concur.