■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ROBERT SMITH, III, Respondent.—Order unanimously reversed, motion denied and indictment reinstated. Memorandum: The People appeal from an order of County Court which dismissed an indictment accusing defendant of violation

of section 1192 of the Vehicle and Traffic Law, subdivisions 2 and 5 in the first count and subdivisions 3 and 5 in the second count, operating a motor vehicle while in an intoxicated condition, a felony. County Court, after examining the transcript, found legally sufficient evidence was presented to the Grand Jury but dismissed the indictment because of the claimed failure of the District Attorney to provide the Grand Jury with appropriate instructions pursuant to CPL article 190. CPL 190.25 (subd 6) in part requires that "Where necessary or appropriate, the court or the district attorney, or both, must instruct the grand jury concerning the law with respect to its duties or any matter before it, and such instructions must be recorded in the minutes." This provision must be read in conjunction with CPL 210.35 (subd 5) which declares Grand Jury proceedings to be defective if they fail to conform to the requirements of CPL article 190 "to such a degree that the integrity [of the proceedings] is impaired and prejudice to the defendant may result." (Emphasis supplied.) Here, the District Attorney instructed the Grand Jury by paraphrasing the statutory language of subdivisions 2, 3 and 5 of section 1192 of the Vehicle and Traffic Law. The instructions were sparse but fall far short of any omission which would impair the integrity of the Grand Jury proceedings, however. (See *People v Percy,* 45 AD2d 284, affd 38 NY2d 806; *People v Rallo,* 46 AD2d 518, affd 39 NY2d 217.) (Appeal from order of Erie County Court—dismiss indictment.) Present—Simons, J. P., Hancock, Jr., Schnepp, Doerr and Moule, JJ.