Meyer, J.
(concurring). While I concur in the result I cannot accept the dictum in the majority’s analysis. Whether the standard to be applied is State-wide is not an issue necessary to be determined in this case, if at all, and for me it is reason enough to avoid doing so that though the statutory definition of "obscene” set forth in subdivision 1 of section 235.00 of the Penal Law was adopted after People v Heller (33 NY2d 314, cert den 418 US 944) was decided the Legislature did not include the word "statewide” in that definition. While that does not necessarily mean that "community” as used in the definition does not mean "state” or that the Legislature did not use "community” in order to leave exact definition to the courts, there is at least some suggestion of other possibilities in the omission when it is recalled that the 1974 revision was adopted by the Legislature in response to our statement in Heller (33 NY2d, at p 331) that "it is within the province of the Legislature to determine whether the less stringent test of obscenity laid down in that case [Miller v California, 413 US 15] should now become the ultimate formula to be applied in New York”,* and that in approving the act which became *397 chapter 989 of the Laws of 1974 Governor Wilson stated that it brought the obscenity provisions of the Penal Law "into conformity with the recent Supreme Court decision in the case of Miller v. California.” (NY Legis Ann, 1974, p 416.)
It is enough for decision of the present appeal to note that reading of the statutory definition to the Grand Jury will normally be sufficient unless it can be said that because of the complexity of the matter the failure to do more impaired the integrity of the indictment and created a possibility of prejudice to defendant (People v Rallo, 39 NY2d 217, affg 46 AD2d 518; People v Percy, 38 NY2d 806, affg 45 AD2d 284; People v Banner, 59 AD2d 621). Since, as the majority notes the function of the Grand Jury is to decide only whether a prima facie case has been made out, not guilt or innocence, and the standard is simply a means of testing the appeal of the material involved to prurient interest in sex, its indictment of defendant using a community standard cannot be said to prejudice him even if the ultimate determination is that for conviction the jury must be instructed to apply a State-wide standard. The more so is that true when one recalls that juries regularly apply the standard of the reasonable man without being told the limits of the community which that fictional person inhabits, and that what is here to be applied is the standard of the "average person, applying contemporary community standards”.
Chief Judge Cooke and Judges Jones and Fuchsberg concur with Judge Gabrielli; Judge Meyer concurs in a separate opinion in which Judges Jasen and Wachtler concur.
Order reversed, etc.

 See, also, footnote 4 to Judge Wachtler’s dissent in People v Heller (33 NY2d *397 314, 341), reading: "Another reason why I think we should leave the rewriting of an obscenity statute to the Legislature is to allow it to define what community is encompassed by the term 'community standards’ in part (b) of the Miller formulation (413 U. S., at p. 25). The majority of our court today has defined community in terms of the entire State. I think that question should be decided by the Legislature after hearings have been held on the matter.”