■ A. BYRON COLLINS, Respondent, v DONALD G. VAINE, Substituted Appellant on Behalf of SALLY M. COLLINS, Deceased, Appellant.—Order unanimously reversed, without costs, and motion denied. Memorandum: Counsel for the deceased wife in a matrimonial action appeals from an order of Special Term, made after his client's death but before her administrator was appointed, which allowed him additional counsel fees of $350. The attorney claims that the award is inadequate. The order is reversed and the motion for counsel fees denied without prejudice to a plenary action by counsel against the husband or against the estate of his client or against both. Upon the wife's death, the divorce action abated and there was no party defendant (see 1 Foster-Freed, Law and the Family, § 5.23; 19A Carmody-Wait 2d, NY Prac, § 118.66, p 138). The authority to grant counsel fees contained in section 237 of the Domestic Relations Law applies only to pending actions and counsel's relief must be by way of plenary action *(Musso v Butera,* 64 Misc 2d 604; and see *Farnham v Farnham,* 227 NY 155, 157). (Appeal from order of Steuben Supreme Court—counsel fees.) Present—Dillon, P. J., Simons, Hancock, Jr., Callahan and Moule, JJ.

■ In the Matter of SPECIAL GRAND JURY INVESTIGATION IN THE ALLEGED WIRE TAPPING ACTIVITIES IN CHAUTAUQUA COUNTY.—Order unanimously reversed, and report sealed. Memorandum: This is an appeal from an order which approved the report of the March 1979 Chautauqua County Grand Jury. It was convened to investigate allegations of illegal eavesdropping by Chautauqua County police officers during drug investigations conducted in 1970 and 1971. The Grand Jury heard testimony and, at the conclusion of its investigation, issued a report which found two named individuals guilty of misconduct and nonfeasance, and named another individual guilty of nonfeasance and neglect, and recommended disciplinary action be taken against the two. The court found the report to be in full compliance with CPL 190.85 and ordered it approved. A review of the Grand Jury minutes reveals that the report is the result of improper instructions given by the District Attorney. After explaining that there must be both legally sufficient evidence and probable cause to support an indictment, the District Attorney stated that the evidence required for a report does not have to meet the higher standards of proof as that required for an indictment. Further references were made to a report, which implied that it was an inferior alternative which could be issued where the evidence failed to rise to the level sufficient to support an indictment. Such erroneous instructions on the burden of proof failed to provide the Grand Jury with sufficient information to enable it to determine intelligently the issues before it *(People v Calbud, Inc.,* 49 NY2d 389). The responsibility of the court in regard to reports is the same as in regard to indictments: to assure that improper instructions do not impair the Grand Jury's integrity or create a possibility of prejudice to the persons involved (see *People v Smith,* 72 AD2d 940; *People v Banner,* 59 AD2d 621; CPL 210.35, subd 5). (Appeals from order of Chautauqua Supreme Court—approve Grand Jury report.) Present—Dillon, P. J., Simons, Hancock, Jr., Callahan and Moule, JJ.