■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v NICK A. ROLLINS, JR., Respondent.—Kane, J. Appeal from an order of the County Court of Tompkins County (Callanan, Sr., J.), entered October 9, 1984, which granted defendant's motion to dismiss the indictment.

Defendant was indicted on July 24, 1984 for vehicular assault in violation of Penal Law § 120.03, which provides that:

"A person is guilty of vehicular assault when:

"(1) with criminal negligence he causes *serious physical injury* to another person, and

"(2) causes such serious physical injury by operation of a vehicle in violation of subdivision two, three or four of section eleven hundred ninety-two of the vehicle and traffic law" (emphasis supplied).

Defendant thereafter moved, *inter alia,* for dismissal of the indictment. After conducting an in camera inspection of the Grand Jury's minutes, County Court granted defendant's motion. Specifically, County Court held that the legal instructions given by the District Attorney regarding "serious physical injury" were so erroneous and misleading that the integrity of the Grand Jury proceeding was impaired and, accordingly, that dismissal of the indictment was necessary. This appeal by the People ensued.

There must be a reversal. The District Attorney, in presenting the case to the Grand Jury, read the Penal Law definition of serious physical injury, which states that: " 'Serious physical injury' means physical injury which creates a substantial risk of death, or which causes death or serious and protracted disfigurement, *protracted impairment of health or protracted loss or impairment of the function of any bodily organ"* (Penal Law § 10.00 [10] [emphasis supplied]). After reading this definition, the District Attorney also read the Grand Jury the definition of serious physical injury contained in Insurance Law § 5102 (d). This section of the Insurance Law states that a fracture constitutes a serious physical injury. One of the victims testified before the Grand Jury that, due to the accident, she was rendered unconscious for a period of time, suffered a broken right arm, broken left hand, broken nose and lost a tooth. The victim also testified that her arm was in a cast for approximately 10 weeks and that she lost two months of work due to her injuries.

Assuming that the instructions regarding the Insurance Law were erroneous, under the circumstances of this case, we fail to find the instructions to be so misleading as to impair the integrity of the Grand Jury *(see, People v Calbud, Inc.,* 49 NY2d 389, 395; *cf. People v Ahearn,* 88 AD2d 691, 692-693). The order should, therefore, be reversed and the indictment reinstated.

Order reversed, on the law, indictment reinstated, and matter remitted to the County Court of Tompkins County for further proceedings not inconsistent herewith. Kane, Main, Casey and Weiss, JJ., concur.

Mahoney, P. J., dissents and votes to affirm in the following memorandum. Mahoney, P. J. (dissenting). In my view, the instructions given to the Grand Jury by the District Attorney were so incorrect and prejudicial that the integrity of the Grand Jury was impaired (CPL 210.35 [5]). Therefore, County Court properly dismissed the indictment (CPL 210.20 [1] [c]) and I would affirm the order granting defendant's motion.

While a Grand Jury need not be instructed with the same degree of precision that is required when a petit jury is instructed on the law *(People v Calbud, Inc.,* 49 NY2d 389, 394), the instructions must not be so misleading that the integrity of the Grand Jury proceeding is impaired *(id.,* p 396; *Matter of Special Grand Jury Investigation,* 79 AD2d 847). Here, the Penal Law itself defines "serious physical injury" and it was therefore unnecessary and improper for the District Attorney to read to the Grand Jury the definition of that phrase contained in Insurance Law § 5102 (d). This was particularly prejudicial to defendant since the definition of serious physical injury in the Penal Law is far narrower and thus more difficult to establish than the definition in the Insurance Law. The People state in their brief that the injuries involved include fractures of the arm, hand and nose and a lost tooth. While these injuries clearly fall within the express language of the Insurance Law definition, whether such injuries constitute serious physical injury within the meaning of the Penal Law definition creates a question of fact on which the Grand Jury could have gone either way. By instructing the more encompassing definition found in the Insurance Law, the District Attorney, in effect, removed this fact-finding power from the Grand Jury.