OPINION OF THE COURT
Dennis K. McDermott, J.
The court has granted so much of the defendant’s omnibus pretrial motion as sought an in camera review of the presentation made to the grand jury. That grand jury indicted the defendant on two counts of assault, second degree, as defined in Penal Law § 120.05 (8) and (9).
On October 3, 2007, the defendant, then 20 years old, is alleged to have physically injured two-year-old Dereck Curtis after the child spit up some food that the defendant had tried to feed him. When defendant stuck the food back in the child’s mouth, the child bit him. In a written statement given to the police later that day, the defendant said, “I just snapped. I lost it.” Defendant allegedly threw the child onto a bed causing the child to strike the headboard. The child suffered a fractured femur and various bruises.
Section 120.05 of the Penal Law describes different ways in which a defendant might commit the crime of assault in the second degree. As relevant here, a person is guilty of second degree assault where:
“8. Being eighteen years old or more and with intent to cause physical injury to a person less than eleven years old, the defendant recklessly causes serious physical injury to such person; or “9. Being eighteen years old or more and with intent to cause physical injury to a person less than seven years old, the defendant causes such injury to such person.”
At the conclusion of the witnesses’ testimony, the prosecutor instructed the grand jury on the elements of second degree assault as set forth above and defined “physical injury” as set forth in Penal Law § 10.00 (9). However, the grand jury was not given any instruction as to “intent,” “recklessness” or “serious physical injury.”
While the better and safer practice would have been to instruct the grand jury on those matters, the failure to do so is not fatal to the indictment. A grand jury is not required to be instructed on the law with the same detail or precision as a trial *597 jury. (People v Calbud, Inc., 49 NY2d 389 [1980].) Thus, where the prosecutor failed to instruct the grand jury with respect to “intent” and “attempt,” the resulting indictment was not thereby rendered defective. “Failure to read (to the grand jury) statutory definitions of terms whose meaning is obvious will not be fatal.” (People v Levens, 252 AD2d 665, 666 [3d Dept 1998], Iv denied 92 NY2d 927 [1998].)
The meanings of “intent” and “recklessness” may well be obvious to persons of ordinary and common intelligence, and even “physical injury” may be within a layman’s grasp without specific instruction, but a failure to define “serious physical injury” for a grand jury has been viewed as “more significant.” (People v Rockwell, 97 AD2d 853, 854 [3d Dept 1983].)
The definition of “serious physical injury” is provided in Penal Law § 10.00 (10). It is a physical injury “which creates a substantial risk of death, or which causes death or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ.” It seems to this court that what the Penal Law means by “serious physical injury” would not be obvious to a layman. The statutory definition is very precise and involves more than the mere addition of the word “serious” to “physical injury” as those terms would be commonly understood in the absence of instruction. The failure of the assistant district attorney to instruct the grand jury on the meaning of “serious physical injury” requires dismissal of the first count of the indictment.
Moreover, the court’s review of the transcript leads to the conclusion that there was insufficient proof presented that would have warranted the grand jury finding a serious physical injury even if that term had been properly defined for it. A physician testified that the child victim presented with multiple bruises and petechiae and a transverse fracture of the left femur. The fracture resulted in the child being placed in a spica cast which, as the doctor testified, is a body cast which begins at the belly and runs the entire length of the left leg as well as a portion of the right leg so as to stabilize the general area. It was anticipated that the cast would be in place with resulting immobilization for some six to eight weeks. No further medical proof was presented.
Here, unlike the standard applied for “serious physical injury” within the meaning of the no-fault provisions of the Insurance Law (specifically, section 5102 [d]), a mere fracture is not enough to meet the Penal Law definition. (People v Rollins, 115 *598 AD2d 838 [3d Dept 1985].) Proof of a fracture, without more, does not satisfy that element of the crime. The standard is substantial. (People v Askerneese, 93 NY2d 884 [1999].)
For example, in People v Gray (30 AD3d 771 [3d Dept 2006], Iv denied 7 NY3d 848 [2006]), the defendant shot the victim with a shotgun from a distance of only 20 feet causing some 32 pellets to be lodged in his arm, chest and shoulder. The victim, however, never lost consciousness, and none of the pellets entered his chest cavity. He was discharged from the hospital within 12 hours. Despite the fact that the victim lost time from work and experienced numbness in his arm with resulting restricted use of the arm for four months, it was determined that this injury fell short of a “serious physical injury.”
See also People v Phillip (279 AD2d 802 [3d Dept 2001], Iv denied 96 NY2d 905 [2001]), where the victim sustained a fractured jaw that caused him to miss more than eight weeks of work and left him unable to eat solid food for some two months. It was held that this proof was insufficient to satisfy the “serious physical injury” element of the crime charged.
Similarly, where prior to cutting his victim’s throat with a knife and causing her death the defendant administered five wounds to the defendant’s head with a blunt instrument, the failure to demonstrate that the head wounds, either individually or collectively, were fatal or life-threatening and the absence of proof of the long-term effects of the head wounds led to a dismissal of the first degree assault charge contained in the indictment. (People v Alvarez, 38 AD3d 930 [3d Dept 2007], Iv denied 8 NY3d 981 [2007].)
Here, while the court entertains no doubt that the physical injury sustained by the infant victim was substantial and painful, there was insufficient proof presented to the grand jury to support a finding of “serious physical injury” as required under Penal Law § 120.05 (8). The court notes, however, that the presentation was made to the grand jury on October 30, 2007, less than four weeks after the incident. Therefore, the People should be allowed to re-present the matter to a new grand jury if it is believed that there is additional proof available that would sustain the charge.
Sufficient evidence was presented to support the second count of the indictment, charging assault in the second degree under Penal Law § 120.05 (9).
The grand jury was otherwise properly instructed on the law, and there is no evidence that there were any irregularities or *599 defects in the proceedings that would render them defective within the meaning of Criminal Procedure Law § 210.35 (5).
Accordingly, the defendant’s motion to dismiss is granted with respect to the first count of the indictment, with leave granted to the People to re-present. The remainder of the defendant’s motion with respect to the second count of the indictment is denied.