OPINION OF THE COURT
Linda Christopher, J.
In this matter counsel for the deceased plaintiff moves for an order: (1) granting a judgment in favor of Rosenthal & Markowitz, LLP, against the defendant in the sum of $2,000 plus interest at the statutory rate from the date of filing of the judgment; and (2) granting the firm legal fees in the amount of $1,500 for the preparation of the instant motion and other legal work involved in the collection of the previously ordered amount.
On August 25, 2014, this court “so ordered” the preliminary conference stipulation/order in this matter. Pursuant to said preliminary conference stipulation/order the defendant agreed to pay counsel fees for plaintiff in the sum of $4,000 at the rate of $1,000 per month, the first payment to be paid by September 2, 2014, and then every month on the first of the month thereafter, for three additional months. Counsel for the deceased asserts that the $4,000 was for counsel fees due at the time the order was signed on August 25, 2014. On both September 3, 2014 and October 2, 2014 defendant paid $1,000 to the law firm of Rosenthal & Markowitz, LLP. On November 3, 2014 the plaintiff died. After plaintiff’s death, defendant failed to make any further payments to Rosenthal & Markowitz, and counsel claims no response was received to her January 30, 2015 correspondence sent to defendant’s counsel requesting payment of the $2,000 balance.
Defendant’s counsel argues that inasmuch as the action for divorce abated upon the death of plaintiff, the instant application must be denied.
It is well settled that in an action for divorce, the death of either of the parties prior to a judgment of divorce results in *491 the abatement of the action for divorce and any ancillary causes of action. (Forgione v Forgione, 231 AD2d 603 [2d Dept 1996].)
It has been held that once a divorce action abates, an attorney cannot subsequently maintain an application for counsel fees pursuant to Domestic Relations Law § 237, as once the action abates, there is no pending action, and Domestic Relations Law § 237 applies only to pending actions. (Collins v Vaine, 79 AD2d 847 [4th Dept 1980]; Musso v Butera, 64 Misc 2d 604 [Sup Ct, Kings County 1970].) Also, it has been held that counsel fees awarded during the pendency of an action for divorce, for prospective legal fees, to a large extent not yet incurred, cannot be enforced by the living spouse’s attorney against the deceased payor spouse’s executors once the action has abated, as provisional remedies arising out the divorce terminate when the action abates. (Kellogg v Stoddard, 89 App Div 137 [4th Dept 1903].)*
However, the holdings of Collins, Musso and Kellogg are inapposite to the instant matter, as the facts in this instant matter are distinguishable from those set forth above. In the case before the court, the obligation to pay counsel fees was not pursuant to an award under Domestic Relations Law § 237, but rather pursuant to an agreement of the parties “so ordered” by the court. More important, the order requiring defendant to pay $4,000 in counsel fees was effective prior to the abatement of the action, the obligation to pay accrued before plaintiff’s death, at a time when the action was still pending, and the fees were already due and owing at the time. This is not a matter of counsel seeking an award of counsel fees after the death of the plaintiff, but a question of enforcing an order in effect before plaintiff’s death. Additionally, the court notes that the third payment of $1,000 was due to be paid on November 1, 2014, two days prior to plaintiff’s death. Moreover, the $4,000 was not for prospective counsel fees, but rather it represented payment for counsel fees that had already been incurred by plaintiff prior to her death.
In making its determination in this case, while not squarely on point, the court finds the Second Department’s analysis in *492 Fotiadis v Fotiadis (18 AD3d 699 [2d Dept 2005]) to be instructive. In Fotiadis, notwithstanding the dismissal of the action for divorce, the Court found it proper to enter a judgment for pendente lite arrears. The Court reasoned that
“[a]lthough the defendant’s current obligations pursuant to the pendente lite order terminated with the dismissal of the action, the defendant was required to obey the pendente lite order while the action was pending. Upon dismissal of the action, the pendente lite order was no longer in effect, but the plaintiff was entitled to any arrears which accrued under that order prior to dismissal, and may enforce that obligation by seeking leave to enter a money judgment.” (Id. at 701 [citations omitted].)
Here, although the action abated upon plaintiff’s death, and any provisional orders were no longer in effect, any obligations that had accrued pursuant to orders rendered in the action prior to the abatement may be enforced. Defendant’s obligation to pay counsel fees in the amount of $4,000 had accrued as of August 25, 2014, the date this court “so ordered” the preliminary conference stipulation/order, and therefore, plaintiff’s counsel may enforce that obligation by seeking a money judgment.
Accordingly, counsel is granted a money judgment in favor of Rosenthal & Markowitz, LLP, and against the defendant in the sum of $2,000. Counsel may submit a judgment to the court on notice to defendant.
Counsel’s request for an order granting the firm legal fees in the amount of $1,500 for the preparation of the instant motion and other legal work involved in the collection of the previously ordered amount is denied. As set forth above, an application for counsel fees cannot be maintained subsequent to the abatement of the divorce action.
To the extent any relief requested in motion sequence 1 was not addressed by the court it is hereby denied.

 In Kellogg (89 App Div 137), the Court noted that the only authority for the order directing the payment of counsel fees was section 1769 of the Code of Civil Procedure, which permitted the Court to make an order “requiring the husband to pay any sum or sums of money necessary to enable the wife to carry on or defend the action,” and therefore same was a provisional remedy.