De Forest C. Pitt, J.
By this motion, the defendant has requested the court to make an order setting aside the act of the Clerk of the County of Albany in taxing costs upon a certain judgment. It is maintained that the taxation of costs is a nullity due to the fact that the plaintiff judgment creditor did not follow the dictates of either section 8402 or section 8403 of the Civil Practice Law and Rules. Specifically, it is contended that under section 8402 the defendant should have received at leasts days’ notice of the taxation of costs, and under section *313 8403, which provides for taxation without notice, a copy of the bill of costs should have been served upon the defendant, and not his attorney. It appears that costs were taxed in accordance with section 8403 of the Civil Practice Law and Bules, and that a copy of the bill of costs was served upon the attorney for the defendant judgment debtor.
The defendant raises two issues upon this motion. First, it is contended that there is no provision in the Civil Practice Law and Buies for the bringing of this motion, and secondly, that service of a copy of the bill of costs, upon the attorney for the defendant judgment debtor is insufficient.
In regard to the first issue raised, it is this court’s opinion that the language of section 8404 of the Civil Practice Law and Buies is sufficiently broad to allow the bringing of this motion. If this be not so, then the motion is defective only in its form. Clearly, the subject of the same is properly considered by this court.
As to the second issue raised, it is noted that section 8403 of the Civil Practice Law and Buies provides in part: “A party who has taxed costs without notice shall immediately serve a copy of the bill of costs upon each party who is entitled to notice ”. 'Section 1535 of the Civil Practice Act, of which section 8403 of the Civil Practice Law and Buies is the successor, provided in part: “ copy of the bill of costs as taxed immediately afterwards, must be served upon the attorney for each adverse party who has appeared and is interested in reducing the amount thereof”. The omission in section 8403 of the Civil Practice Law and Buies of the provision for service upon attorneys must be assumed to have been intentional.
Subdivision (b) of rule 2103 of the Civil Practice Law and Buies provides in part: “Except where otherwise prescribed by law or order of court, papers to be served upon a party in a pending action shall be served upon his attorney.”
It is apparently suggested by the moving party herein that the instant action was not pending at the time of the service of the copy of the bill of costs within the meaning of subdivision (b) of rule 2103 of the Civil Practice Law and Bules. The court cannot agree with this interpretation. Having in mind certain provisions of law regarding supplementary proceedings and appeals it is apparent that an action continues to be pending within the meaning of the statute after the judgment roll is entered.
It should be noted that the Advisory Committee Notes made regarding section 8402 and section 8403 of the Civil Practice Law and Buies fail to indicate any intended change in the manner of service. The motion, therefore, is denied.