LOUISE M. JAFFE, Appellant, v. IRVING JAFFE, Also Known as IRVING I. JAFFE, Respondent.— Order of the Supreme Court, Queens County, dated February 19, 1969, affirmed, without costs. We call to the attention of the parties that the rights of the wife under the contempt orders were not extinguished by the dismissal of the complaint (*Ross* v. *Ross,* 9 A D 2d 922; *Rosenthal* v. *Rosenthal,* 44 Misc 2d 980). Rabin, Acting P. J., Hopkins, Benjamin, Martuscello and Kleinfeld, JJ., concur.

LOUIS KALMAN, Respondent, v. BERNARD WELSH, Appellant.— In a negligence action to recover damages for personal injuries, in which a default judgment for plaintiff was entered in the District Court of Nassau County on March 11, 1966, defendant appeals (by permission) from an order of the Appellate Term of-the Supreme Court, Ninth and Tenth Judicial Districts, dated September 13, 1968, which (1) reversed an order of said District Court, dated January 8, 1968, granting defendant's motion to open his default, but directing the judgment to stand as security, and (2) denied said motion. Order of the Appellate Term reversed; and order of the District Court modified by striking therefrom the award of costs to plaintiff, and said order affirmed as so modified. The determination herein is made on the law and the facts and without costs. The case may be restored to the Day Calendar of the District Court for a day certain on five days' notice, subject to the approval of the Justice presiding. The Appellate Term's reversal was based upon the determination of that learned court that the granting of defendant's motion was an improvident exercise of discretion. Despite the fact that defendant's attorneys were neglectful, the default was not willful and there is an arguable defense. It was, therefore, a proper exercise of discretion on the part of the District Court to open the default (*Machina* v. *Pryzgoda,* 282 App. Div. 1051; *Abrams* v. *Barnes,* 16 A D 2d 936; *Matter of Miller,* 162 Misc. 563, affd. 252 App. Div. 872). Plaintiff's attorneys should promptly have served a copy of the judgment, with notice of entry, upon defendant's attorneys. Their attempt to serve defendant, himself, by mail, was ineffectual. It is uncontradicted that defendant did not receive the mailed notice of entry for an inordinate length of time, having moved from the address to which the notice was directed. CPLR 2103 (subd. [b]), which requires service of papers upon counsel, in pending actions, applies to notice of entry of judgment (*O'Neill* v. *Ridner,* 42 Misc 2d 312; *Fortis* v. *Glens Falls Ins. Co.,* 23 A D 2d 88, 92, affd. 18 N Y 2d 779). Plaintiff may not be heard to complain of defendant's delay in moving to open his default. Defendant's attorneys were not served with notice of entry of judgment until almost a year after the entry. The motion was made promptly after receipt of notice by the attorneys. Rabin, Acting P. J., Benjamin, Munder, Martuscello and Kleinfeld, JJ., concur.