■ CHARLENE PILIPSHEN, Respondent-Appellant, v PAUL D. PILIPSHEN, Appellant-Respondent. — In a matrimonial action, defendant appeals (1) from stated portions of an order of the Supreme Court, Suffolk County (England, J.), entered August 3, 1982, which failed to, *inter alia,* (a) disqualify plaintiff's counsel and (b) dismiss the action for failure to serve a complaint, (2) from so much of an order of the same court entered November 15, 1982, as granted plaintiff's motion for reargument and upon reargument awarded plaintiff *pendente lite* relief, deemed the complaint served and failed to consider that branch of defendant's cross motion which was to have plaintiff's counsel disqualified, and (3) from so much of a further order of the same court, entered November 23, 1982, as granted the plaintiff's motion to the extent of again deeming the complaint served. Plaintiff cross-appeals from so much of the order entered August 3, 1982, as failed to grant her *pendente lite* relief. Appeals from the order entered August 3, 1982, dismissed as academic. Said order was superseded by the order entered November 15, 1982 granting reargument. Orders entered November 15, 1982 and November 23, 1982 reversed insofar as appealed from, on the law, and defendant's cross motion, insofar as it was to dismiss the action for failure to serve a complaint, granted and *pendente lite* relief denied. Defendant is awarded one bill of $50 costs and disbursements. On April 22, 1982, by service of a summons and notice, plaintiff commenced the instant action for a divorce based on cruel and inhuman treatment. On or about April 29, 1982, defendant served a notice of appearance. Pursuant to CPLR 3012 (subd [b]) plaintiff was required to serve a complaint within 20 days after service of defendant's notice of appearance.

Plaintiff did not, however, serve a complaint within this time. On or about June 1, 1982, defendant, *inter alia,* cross-moved to dismiss the action for failure to serve a complaint. By order entered August 3, 1982 Special Term failed to grant defendant's cross motion, *inter alia,* to dismiss the action, although the complaint had not been served and, in fact, was not served until after August 12, 1982. Since plaintiff failed to serve a complaint within 20 days after defendant served his notice of appearance, the court had the authority to dismiss the action upon defendant's cross motion for such relief (CPLR 3012, subd [b]). In order to avoid dismissal, it was incumbent upon plaintiff to demonstrate a reasonable excuse for the delay and to demonstrate that her claim has merit (see *Barasch v Micucci,* 49 NY2d 594, 599). While plaintiff established a meritorious claim, she has failed to establish a reasonable excuse for the delay in serving a complaint. Plaintiff's attorney contends that a settlement appeared imminent throughout most of May, 1982 and in order not to inflame the situation a complaint was not served during this period. No excuse is offered, however, for the failure to serve a complaint until two and a half months after these settlement negotiations broke down. Consequently, we are of the opinion that the court, in the order entered August 3, 1982, should have granted defendant's cross motion insofar as it sought dismissal of the action for failure to serve the complaint. The subsequent orders entered November 15, 1982 and November 23, 1982, which deemed the complaint served, were therefore improper. Since no matrimonial action is pending, the court has no authority to award *pendente lite* relief. Thompson, J. P., O'Connor, Brown and Rubin, JJ., concur.