■ ELIZABETH SASS, Respondent-Appellant, v ANDREW SASS, Appellant-Respondent.—In an action for a divorce and ancillary relief, the defendant husband appeals (1) from an order of the Supreme Court, Nassau County (Robbins, J.), dated August 1, 1985, which granted the plaintiff wife's motion for an order fixing arrears due under a prior pendente lite order of support dated August 7, 1984, and denied his cross motion for an order vacating a payroll deduction order, and (2) as limited by his brief, from so much of a resettled judgment of the same court (Robbins, J.), entered January 6, 1986, as provided that all prior orders of that court were to continue undisturbed; and the plaintiff wife appeals from so much of an order of the same court (Becker, J.), entered March 6, 1986, as denied her motion to punish defendant for contempt, denied her request for counsel fees, and granted the defendant's cross application for reduction of his support obligation and vacatur of the wage deduction order.

Ordered that the appeal from the order dated August 1, 1985 is dismissed, without costs or disbursements; and it is further,

Ordered that the resettled judgment entered January 6, 1986 is modified, on the law, by deleting the third decretal paragraph thereof and substituting therefor a provision reinstating so much of the parties' pleadings as seek ancillary relief (with the exception of equitable distribution of property), and by deleting the provision thereof leaving undisturbed the provision of the order dated August 1, 1985, which denied the defendant's cross motion for an order vacating the wage deduction order, and substituting therefor a provision granting that cross motion; as so modified, the resettled judgment is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order entered March 6, 1986 is reversed insofar as appealed from, on the law, without costs or disbursements, and the motion and cross application are dismissed.

The appeal from the order dated August 1, 1985 must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, *Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from that order are brought up for review and have been considered on the appeal from the resettled judgment (see, CPLR 5501 [a] [1]).

In June 1984, the plaintiff wife commenced this action for divorce on the grounds, *inter alia,* of cruel and inhuman treatment and abandonment and the defendant husband counterclaimed for divorce on the same grounds. In her complaint, the plaintiff, in addition, sought ancillary relief including, *inter alia,* child support and spousal maintenance. By order dated August 7, 1984, the defendant was directed to pay support, pendente lite, of $250 per week and, in addition, the carrying charges and utility costs for the martial residence. On two subsequent occasions, the defendant was ordered to pay arrears under the pendente lite order, and on the first such occasion, the court issued a wage deduction order in connection with the judgment for arrears. Thereafter, following a trial of the matter, a judgment was entered dismissing both the plaintiff's complaint and the defendant's counterclaims. Prior to the entry of this judgment, however, the plaintiff had made a third application to recover arrears under the pendente lite order and in response the defendant had cross-moved to vacate the wage deduction order. By order dated August 1, 1985, Special Term granted the plaintiff's application to the extent of fixing arrears in the sum of $7,281.58 and denied the defendant's cross motion. In its order, the court repeated a ruling it had made at the close of the divorce trial to the effect that it was not disturbing the prior existing orders of the court, including the pendente lite order of support. Subsequently, upon application by the plaintiff, Special Term (Robbins, J.) entered a resettled judgment on January 6, 1986, which expressly included a provision that all prior orders of the court were to remain undisturbed.

Thereafter, the plaintiff moved to hold the defendant in contempt for failure to meet his obligations under the pendente lite order and for further arrears. Following a hearing, Special Term (Becker, J.), by an order entered March 6, 1986, declined to hold the defendant in contempt but did direct the entry of a judgment for arrears. The court noted that the

judgment dismissing the complaint made no mention of the continuation of the pendente lite order, but found that that order had become, in effect, an order of support subject to modification upon changed conditions. Accordingly, the court, upon review of the then current state of facts regarding the defendant's earning power, reduced his support obligation. The court also vacated the payroll deduction order at that time.

The issues underlying these appeals are all connected to the effect of the pendente lite order of support dated August 7, 1984. That order by its very nature was temporary and effective only during the pendency of the litigation. Special Term erred in attempting to simply continue that order upon the termination of the divorce action without conducting a hearing on the issue of the parties' financial circumstances. A pendente lite order, unlike a permanent order of child support and spousal maintenance, may be based solely upon the allegations of the parties, and the primary concern is the genuine financial need of the moving party pending trial (see, Jorgensen v Jorgensen, 86 AD2d 861). In issuing a temporary award of maintenance, the court need not consider the 10 factors which the statute mandates must be considered in rendering an award of maintenance after trial (Domestic Relations Law § 236 [B] [6] [a]; Belfiglio v Belfiglio, 99 AD2d 462). Under the circumstances, there was no lawful basis for simply continuing the terms of the pendente lite order and the matter must therefore be remitted to the Supreme Court, Nassau County, for further proceedings to make a determination as to the appropriate amount of maintenance and child support. In the interim, however, we reinstate the pendente lite order, dated August 7, 1984, pending the further proceedings directed herein.

Since the order entered March 6, 1986 purported to fix arrears and make modifications upon the erroneously continued pendente lite order, it must be reversed and the plaintiff's motion and the defendant's cross application dismissed.

Finally, the order dated August 1, 1985, insofar as it fixed arrears which had accrued under the pendente lite order prior to the dismissal of the divorce action, should be affirmed (see, Domestic Relations Law § 244; Siddiqui v Siddiqui, 118 AD2d 846). In the exercise of our discretion, we vacate the wage deduction order which had been issued in connection with the pendente lite order, without prejudice to a renewed application should the defendant become delinquent in his obliga-

tions. Bracken, J. P., Brown, Weinstein and Rubin, JJ., concur.