*329 OPINION OF THE COURT
Alan L. Lebowitz, J.
Defendant Neptune Rent-A-Car moves for an order, pursuant to CPLR 3215 (c), dismissing the codefendant’s, Alan Hinds, counterclaim against the plaintiff Melvin Asnes on the grounds that defendant Hinds has failed to institute proceedings for entry of a default judgment on the counterclaim within one year from the date of default.
The instant action arises out of an automobile accident in which plaintiff Melvin Asnes was operating a vehicle owned by defendant Neptune Rent-A-Car. It is alleged that the vehicle owned and operated by Hinds came into contact with the vehicle driven by plaintiff Asnes. Defendant Hinds, in his answer, asserted a cross claim and counterclaim against plaintiff Asnes for contribution and/or indemnity. Plaintiff, Asnes, has not answered the cross claim nor has he replied to the counterclaim.
Defendant Neptune Rent-A-Car argues that the codefendant Hinds has abandoned his counterclaim against plaintiff by virtue of his failure to take any action within the one year prescribed by CPLR 3215 (c). Neptune contends that Hinds was mandated to enter a default judgment against plaintiff on his counterclaim. By failing to do so, it claims Hinds abandoned his counterclaim.
Defendant Hinds denies that he has abandoned his counterclaim notwithstanding his failure to enter any default judgment against plaintiff on his counterclaim for a period in excess of one year. Hinds argues that the counterclaim being one for contribution and/or indemnification, CPLR 3215 (c) is not applicable as there has not been a final determination on liability and damages in the main action.
The issue thus presented is when does the one-year time period stated in CPLR 3215 (c) (to enter a default judgment) begin to run on a counterclaim for contribution and/or indemnity.
It is well established that a counterclaim may be dismissed pursuant to CPLR 3215 (c), where a reply was not timely interposed by the plaintiff and the defendant failed to institute proceedings within one year to obtain a default judgment. While section 3215 (c) does not specifically mention counterclaims, the statute was intended to apply to claims asserted as counterclaims, cross claims and third-party claims. (Mint Factors v Goldman, 74 AD2d 599 [2d Dept 1980].)
*330 Although CPLR 3215 (c) applies to counterclaims, it has been held applicable where there is a default in answering a third-party complaint for indemnity or contribution. The one-year period commences to run with entry of judgment against the defaulting party. The statute does not require entry of a judgment against the defaulting party as a prerequisite for a determination of liability in the main action. (Matter of Valestry Serv. Corp. v Board of Elections, 2 NY2d 413 [1957]; Multari v Glalin Arms Corp., 28 AD2d 122 [2d Dept 1967].)
In this case, the counterclaim interposed by defendant Hinds is akin to a third-party complaint, and since there has been no determination as to liability or damages in the main action, the law as set forth in Valestry and Multari (supra) is applicable here.
Accordingly, the instant application to dismiss the counterclaim must be denied as premature.