■ LONG ISLAND TRUST COMPANY, N. A., Respondent, v PTI INTERNATIONAL CORP. OF NEW YORK et al., Defendants, and

ARTHUR J. ROCK et al., Appellants.—In an action to collect on defaulted bank loans, the defendants Arthur J. Rock and State Sewing Sales Corporation appeal from (1) an order of the Supreme Court, Nassau County (Roncallo, J.), dated October 26, 1988, which denied their motion to vacate a judgment in favor of the plaintiff entered upon their default, and (2) an order of the same court, dated March 22, 1989, which, in effect, denied their motion for renewal and reargument.

Ordered that the order dated October 26, 1988, is affirmed; and it is further,

Ordered that the appeal from the order dated March 22, 1989, is dismissed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appellants have utterly failed to explain why they did not move before October 1988 to vacate the judgment entered upon their default in May 1987, even though they do not deny that they were aware of the entry of the judgment against them no later than February 1988. CPLR 5015 (a) (1) requires greater diligence in moving to vacate a default (cf., Luna Baking Co. v Myerwold, 69 AD2d 832; Kalman v Welsh, 32 AD2d 1044), and the appellants' belated and unexplained application was therefore properly denied (see, Tomoser v Hegyi, 1 AD2d 759).

An order denying a motion to reargue is not appealable. Although the appellants attempted to characterize their motion as one to renew, they failed to explain why the attorney's affirmations submitted in support were not available at the time of their initial application to vacate the default judgment (cf., Foley v Roche, 68 AD2d 558). Therefore, the motion was, in effect, only for reargument, and the appeal is dismissed (see, DeFreitas v Board of Educ., 129 AD2d 672). Thompson, J. P., Brown, Balletta, Miller and O'Brien, JJ., concur.