■ David Emanuele, Respondent v Debra Emanuele, Appellant. [630 NYS2d 558] —In an action for divorce, the defendant appeals, as limited by her brief, from a decision and judgment of the Supreme Court, Queens County (Modugno, J.H.O.), both dated August 10, 1993, which, following a hearing, inter alia, granted the plaintiff a divorce on the ground of constructive abandonment.

Ordered that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (see, Schicchi v Green Constr. Corp., 100 AD2d 509); and it is further,

Ordered that the judgment is reversed, on the law and the facts, without costs or disbursements, and the complaint is dismissed.

The plaintiff husband sought a judgment of divorce on the ground that on February 14, 1991, and thereafter, the defendant wife constructively abandoned him in that she persistently, willfully, and unjustifiably refused to engage in marital relations. However, on cross-examination, the husband admitted that from November 26, 1990, to June 24, 1991, he resided with his mother. The defendant could not therefore have abandoned the plaintiff, since the plaintiff had already abandoned her (see, Waldman v Waldman, 71 AD2d 951; Henderson v Henderson, 63 AD2d 853; Belandres v Belandres, 58 AD2d 63, 64-65; see also, Johnson v Johnson, 167 AD2d 954). In any event, even if we assume, arguendo, that the wife refused to have sexual relations after February 14, 1991, the husband

admits that he moved out of the conjugal abode permanently in December 1991, with the result that the alleged "constructive abandonment" by the wife lasted for less than the minimum of one year contemplated by the statute (see, Domestic Relations Law § 170 [2]; see also, Caprise v Caprise, 143 AD2d 968).

Finally, the evidence presented at the hearing failed to make out a cause of action against the wife for cruel and inhuman treatment (see, e.g., Lind v Lind, 89 AD2d 518, affd 58 NY2d 965). Copertino, J. P., Santucci, Altman and Friedmann, JJ., concur.