■ BARBARA LaROSA et al., Respondents, v FRANCESCO TRAPANI et al., Appellants. [706 NYS2d 911] —In an action to recover damages for personal injuries, etc., (1) the defendants Francesco Trapani and Jeffrey Mannino appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Sangiorgio, J.), dated March 4, 1999, as, upon granting the plaintiffs' motion for leave to renew, vacated a prior order of the same court dated June 19, 1998, granting their motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff Barbara LaRosa did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and denied that motion and reinstated the complaint, and (2) the defendant Gerald Gentner separately appeals, as limited by his brief, from so much of the order dated March 4, 1999, as denied his second motion for summary judgment dismissing the complaint insofar as asserted against him on the ground that he was not at fault in causing the accident.

Ordered that the order dated March 4, 1999, is modified, on the law, by (1) deleting the provisions thereof which granted the plaintiffs' motion for leave to renew and, upon renewal, vacated the order dated June 19, 1998, and reinstated the complaint, and substituting therefor a provision denying the plaintiffs' motion, and (2) deleting the provision thereof denying the second motion of the defendant Gerald Gentner for summary judgment dismissing the complaint insofar as asserted against him and substituting therefor a provision denying that motion as academic; as so modified, the order dated March 4, 1999, is affirmed insofar as appealed from, with one bill of costs to the appellants appearing separately and filing separate briefs, the order dated June 19, 1998, is reinstated, and the complaint is dismissed.

A motion for leave to renew generally must be based upon additional material facts which existed at the time the prior motion was made but were not then known to the party seeking leave to renew and, therefore, not made known to the court. Renewal should be denied where the party fails to offer a valid excuse for not submitting the additional facts upon the original application (see, Bossio v Fiorillo, 222 AD2d 476). Here, the

plaintiffs offered no such excuse. Furthermore, the plaintiffs' application is not supported by new facts or information which could not have been made part of the original motion (*see, Foley v Roche,* 68 AD2d 558). Thus, the plaintiffs' motion for leave to renew should have been denied, the order dated June 19, 1998, is reinstated, and the complaint is dismissed.

In light of our determination, the second motion of the defendant Gerald Gentner for summary judgment dismissing the complaint insofar as asserted against him is denied as academic. Ritter, J. P., Sullivan, S. Miller, Luciano and H. Miller, JJ., concur.