■ MICHAEL LOUROS et al., Appellants, v JAMES T. PARMITER, JR., Respondent. [732 NYS2d 888] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Nassau County (Winick, J.), dated March 1, 2001, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and (2) an order of the same court, entered June 18, 2001, which denied their motion for leave to renew or reargue the prior motion.

Ordered that the appeal from so much of the order entered June 18, 2001, as denied that branch of the motion which was for leave to reargue is dismissed, as no appeal lies from an order denying leave to reargue; and it is further,

Ordered that the order dated March 1, 2001, is affirmed; and it is further,

Ordered that the order entered June 18, 2001, is affirmed insofar as reviewed; and it is further,

Ordered that the defendant is awarded one bill of costs.

The defendant made a prima facie showing of his entitlement to judgment as a matter of law by submitting evidence demonstrating that the injured plaintiff did not sustain a serious injury (*see,* Insurance Law § 5102 [d]; *Kallicharan v Sooknanan,* 282 AD2d 573; *Santoro v Daniel,* 276 AD2d 478). Thus, it was incumbent upon the plaintiffs to raise a triable issue of fact (*see, Gaddy v Eyler,* 79 NY2d 955, 956-957). The plaintiffs failed to do so (*see, Grossman v Wright,* 268 AD2d 79; *Doumanis v Conzo,* 265 AD2d 296; *Soto v Fogg,* 255 AD2d 502).

Therefore, the defendant's motion for summary judgment dismissing the complaint was properly granted.

The Supreme Court properly denied that branch of the plaintiffs' motion which was for leave to renew. "A motion for leave to renew generally must be based upon additional material facts which existed at the time the prior motion was made but were not then known to the party seeking leave to renew and, therefore, not made known to the court. Renewal should be denied where the party fails to offer a valid excuse for not submitting the additional facts upon the original application" (*LaRosa v Trapani*, 271 AD2d 506). Here, the plaintiffs offered no such excuse. Furthermore, that branch of the plaintiffs' motion which was for leave to renew was not supported by new facts or information which could not have been submitted in opposition to the original motion (*see, Doumanis v Conzo, supra*; *Foley v Roche*, 68 AD2d 558).

The plaintiffs' remaining contentions are without merit. O'Brien, J. P., S. Miller, McGinity, Schmidt and Townes, JJ., concur.