■ In the Matter of JAMES D. O'DONNELL, Respondent, v ARROW ELECTRONICS, INC., Appellant. [743 NYS2d 277] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration, Arrow Electronics, Inc., appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Costello, J.), dated March 7, 2001, as denied that branch of its motion which was for leave to renew its prior motion to dismiss the petition and to compel arbitration, and granted the petitioner's cross motion to be reimbursed for expenses and legal fees, and (2) from an order of the same court, dated April 30, 2001, which directed it to pay the sum of $6,200 to the petitioner's attorney for expenses and legal fees.

Ordered that the order dated March 7, 2001, is modified, on the law and as a matter of discretion, by deleting the provision thereof granting the cross motion, and substituting therefor a provision denying the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated April 30, 2001, is reversed, without costs or disbursements, and the provision directing the payment of $6,200 is vacated.

Where a motion for leave to renew is based upon new or additional facts or evidence which were not presented on the prior motion, the movant must offer a reasonable excuse as to why the additional facts were not proffered on the original application (*see Matter of Shapiro v State of New York,* 259 AD2d 753; *Cannistra v Gibbons,* 224 AD2d 570; CPLR 2221 [e]). The appellant did not proffer an explanation for its failure to present its additional evidence on its prior motion. Accordingly, the Supreme Court properly denied that branch of the appellant's motion which was for leave to renew (*see LaRosa v Trapani,* 271 AD2d 506).

However, costs should not have been imposed on the appellant. The appellant did not engage in frivolous conduct within the meaning of 22 NYCRR 130-1.1 (*see* 22 NYCRR 130-1.1 [c]).

In light of our determination, it is unnecessary to address the appellant's remaining contentions. Altman, J.P., McGinity, Townes and Crane, JJ., concur.