■ ALLIED INTERNATIONAL DEVELOPMENT, LTD., Appellant, v BARSON COMPOSITE CORPORATION et al., Respondents. [768 NYS2d 382]—

In an action, inter alia, for a judgment declaring that the defendant Terrill E. Barnard was a party to a September 12, 2000, agreement entitled "Production Facility Addition Revision 2 Phase One and Partial Phase Two," and, in effect, is required to participate in an arbitration proceeding before the American Arbitration Association, the plaintiff appeals from (1) so much of an order of the Supreme Court, Nassau County (O'Connell, J.), dated October 21, 2002, as denied those branches of its motion which were for a judgment declaring, among other things, that the defendant Terrill E. Barnard is the only party with whom it is obligated to arbitrate under the agreement, and (2) an order of the same court entered February 19, 2003, which denied its motion for leave to reargue and renew the prior determination.

Ordered that the appeal from so much of the order entered February 19, 2003, as denied the branch of the motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument (*see Maragos v Getty Petroleum Corp.,* 303 AD2d 652 [2003]); and it is further,

Ordered that the order dated October 21, 2002, is affirmed insofar as appealed from; and it is further,

Ordered that the order entered February 19, 2003, is affirmed insofar as reviewed; and it is further,

Ordered that the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that the defendant Terrill E. Barnard was not the actual party to the September 12, 2000, agreement entitled "Production Facility Addition Revision 2 Phase One and Partial Phase Two" and therefore Terrill E. Barnard is not required to participate in the

arbitration proceeding which is before the American Arbitration Association; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The Supreme Court properly denied those branches of the plaintiff's motion which sought a declaration that the defendant Terrill E. Barnard was the actual party who contracted with it under the subject agreement and that Barnard should be required to participate in the arbitration proceedings before the American Arbitration Association (*see Skyline Enters. of N.Y. Corp. v Amuram Realty Co.*, 288 AD2d 292, 293 [2001]; *Mail & Express Co. v Parker Axles*, 204 App Div 327, 328 [1923]). The plaintiff failed to present sufficient evidence to establish that Barnard was a party to the contract at issue (*cf. Brandes Meat Corp. v Cromer*, 146 AD2d 666 [1989]) or that he should be required to participate in the arbitration proceedings (*see Matter of Waldron [Goddess]*, 61 NY2d 181 [1984]).

Furthermore, the Supreme Court properly denied that branch of the plaintiff's motion which was for leave to renew because it was not based upon new facts which were previously unavailable and which would change the court's prior determination (*see* CPLR 2221 [e] [2]; *Feldstein v Rounick*, 295 AD2d 400 [2002]; *Louros v Parmiter*, 288 AD2d 273 [2001]).

The plaintiff's remaining contention is without merit.

We note that because this is a declaratory judgment action, the Supreme Court should have directed the entry of a declaration in favor of the defendant Terrill E. Barnard (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). S. Miller, J.P., Krausman, Townes and Cozier, JJ., concur.