■ Melanie Schneider, Appellant, v Alan Schneider, Respondent. [790 NYS2d 883]—

In an action, inter alia, to recover damages for breach of a separation agreement, the plaintiff appeals from so much of an order of the Supreme Court, Putnam County (Spolzino, J.), dated April 12, 2004, as denied her motion, denominated as one for leave to renew but which was, in actuality, for leave to reargue that branch of the defendant's motion which was to dismiss her claims for damages accruing prior to November 21, 2001, and granted that branch of the defendant's cross motion which was pursuant to CPLR 3126 to preclude her from conducting any further deposition of the defendant.

Ordered that the appeal from so much of the order as denied the plaintiff's motion is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

Determinations with respect to CPLR 3126 are generally left to the sound discretion of the motion court (*see Barth v City of*

*New York*, 294 AD2d 386 [2002]; *Birch Hill Farm v Reed*, 272 AD2d 282 [2000]). The Supreme Court providently exercised its discretion in precluding the plaintiff from further deposing the defendant. The plaintiff was aware of the deadlines set by the court, and had been informed that the defendant's counsel would not agree to an adjournment of the scheduled deposition without the prior consent of the court. The plaintiff was unable to obtain the court's consent, but still did not appear at the scheduled continuation of the deposition.

The plaintiff's motion, denominated as one for leave to renew, was not based upon new facts which were unavailable to her at the time of the defendant's motion to dismiss. Therefore, the motion was, in actuality, one for leave to reargue, the denial of which is not appealable (*see Allied Intl. Dev. v Barson Composite Corp.*, 2 AD3d 552 [2003]; *Comstock v Comstock*, 1 AD3d 308 [2003]). Adams, J.P., Krausman, Rivera and Lifson, JJ., concur.