■ NICKI FOTIADIS, Appellant, v JOHN FOTIADIS, Respondent. [795 NYS2d 729]—

In an action for a divorce and ancillary relief, the plaintiff wife appeals, as limited by her brief, from (1) so much of an order of the Supreme Court, Nassau County (Iannacci, J.), entered February 19, 2004, as (a) denied that branch of her motion which was for leave to enter a judgment against the husband for arrears in the sum of $105,587, representing arrears due pursuant to a pendente lite order through June 20, 2003, (b) granted that branch of the defendant husband's cross motion which was to dismiss the action for failure to timely serve a

complaint pursuant to CPLR 3012 (b) and, in effect, denied her cross application to extend the time to serve the complaint, and (2) from so much of an order of the same court entered July 17, 2004, as denied those branches of her motion which were for leave to renew or reargue stated portions of her prior motion and the defendant's prior cross motion and to vacate the order entered February 19, 2004.

Ordered that the order entered February 19, 2004, is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was for a judgment against the defendant and substituting therefor a provision granting that branch of the motion; as so modified, the order entered February 19, 2004, is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, to determine the amount of the arrears which accrued pursuant to the pendente lite order, and for entry of a judgment in the amount due and unpaid; and it is further,

Ordered that the appeal from the order entered July 17, 2004, is dismissed, without costs or disbursements.

The appeal from the order entered July 17, 2004, must be dismissed on the ground that those branches of the plaintiff's motion which were for leave to renew or reargue stated portions of her prior motion and the defendant's prior cross motion, and to vacate the order entered February 19, 2004, were not based upon new facts which were unavailable to her at the time of the original motion and cross motion, and therefore, in actuality, sought leave to reargue. The denial of reargument is not appealable (*see Allied Intl. Dev. v Barson Composite Corp.,* 2 AD3d 552 [2003]; *Comstock v Comstock,* 1 AD3d 308 [2003]).

The Supreme Court providently exercised its discretion by, in effect, denying the plaintiff's cross application to extend the time to serve the complaint, since the delay was over 15 months, she failed to show good cause for it, and a meritorious cause of action (*see Becker v Becker,* 212 AD2d 1060 [1995]; *Pilipshen v Pilipshen,* 94 AD2d 699 [1983]). Her verified complaint which stated a cause of action sounding in constructive abandonment was submitted for the first time as part of her surreply papers. Therefore, the Supreme Court properly refused to consider it (*see Hoyte v Epstein,* 12 AD3d 487 [2004]). Her claim of actual abandonment was insufficient since the alleged abandonment occurred less than one year prior to the commencement of the action (*see Genovese v Genovese,* 261 AD2d 437 [1999]; *Emanuele v Emanuele,* 218 AD2d 726 [1995]).

However, it was error to deny that branch of the plaintiff's

motion which was for leave to enter a judgment for arrears against the defendant. Although the defendant's current obligations pursuant to the pendente lite order terminated with the dismissal of the action (*see King v King,* 230 AD2d 775 [1996]; *Blisko v Blisko,* 149 AD2d 127, 129 [1989]; *Sass v Sass,* 129 AD2d 622, 624 [1987]), the defendant was required to obey the pendente lite order while the action was pending (*see Patricia Lynn N. v Vincent Michael N.,* 152 AD2d 547, 548 [1989]). Upon dismissal of the action, the pendente lite order was no longer in effect, but the plaintiff was entitled to any arrears which accrued under that order prior to dismissal (*see King v King, supra; Sass v Sass, supra*), and may enforce that obligation by seeking leave to enter a money judgment (*see Matter of Dyandria M. v Gerard M.,* 278 AD2d 37 [2000]; *Cawthon v Cawthon,* 276 AD2d 661, 662 [2000]). When the amount of arrears is shown to be due and unpaid, the court should enter a judgment for that amount (*see King v King, supra*).

Further, although a party may not seek to enforce a pendente lite order by way of contempt proceedings subsequent to the termination of the action (*see Patricia Lynn N. v Vincent Michael N., supra*), the dismissal of the complaint did not extinguish any rights which accrued under contempt orders issued prior to dismissal (*see Jaffe v Jaffe,* 32 AD2d 1044 [1969]; *Ross v Ross,* 9 AD2d 922 [1959]).

The plaintiff's remaining contentions are without merit. Ritter, J.P., Goldstein, Luciano and Crane, JJ., concur.