■ RUDOLPH L. SVOBODA et al., Respondents, v OUR LADY OF LOURDES MEMORIAL HOSPITAL, INC., Appellant. [817 NYS2d 772]—

Lahtinen, J. Appeal from an order of the Supreme Court (Lebous, J.), entered September 23, 2005 in Broome County, which, inter alia, denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff Rudolph L. Svoboda (hereinafter plaintiff) underwent right knee replacement surgery on March 26, 1997 at defendant hospital and he remained hospitalized until March 30, 1997. A continuous passive motion (hereinafter CPM) machine was used as part of his postoperative care at the hospital. After being discharged, plaintiff discovered an ulcer on his right calf. According to an affidavit submitted by plaintiff's wife, the ulcer was first observed by plaintiff and her on the evening of the day that plaintiff had been discharged from the hospital. Although he sought treatment for the ulcer, the condition continued to deteriorate and he eventually had skin graft surgery.

This action ensued with plaintiffs alleging that the ulcer had been caused by defendant's failure to use the CPM machine in a proper fashion. A prior appeal resulted in this Court affirming Supreme Court's order denying defendant's motion for sum-

mary judgment, without prejudice, and allowing further depositions (20 AD3d 805 [2005]). Those depositions were conducted and plaintiffs then moved to amend their complaint. Defendant cross-moved for summary judgment dismissing the complaint. Plaintiffs submitted papers in opposition to defendant's motion and also sought partial summary judgment on the issue of liability. Supreme Court denied all the motions. Defendant appeals.

Defendant had the initial burden to make a prima facie showing with competent evidence that it was entitled to judgment as a matter of law (see Ware v Baxter Health Care Corp., 25 AD3d 863, 864 [2006]). Defendant satisfied this burden by including, among other things, an affidavit from Kent Struck, a physician who had reviewed plaintiff's medical records. Struck opined that plaintiff received proper care while in the hospital following his surgery and that plaintiff's injury was not caused by the CPM machine or any act by defendant.

The burden thus shifted to plaintiffs to demonstrate a material issue of fact (see Gong v Gjoni, 294 AD2d 648, 649 [2002]; Rossi v Arnot Ogden Med. Ctr., 268 AD2d 916, 917 [2000], lv denied 95 NY2d 751 [2000]). Plaintiffs' various submissions included his medical records while hospitalized for the knee surgery, medical records from the doctor who treated his ulcer and an affidavit from Thomas Van Gorder, who was plaintiff's treating physician for the knee surgery. Initially, we note that Supreme Court found factual issues in the medical records of Jagrej Rai, who treated plaintiff's ulcer. Indeed, Rai's records stated in several places that plaintiff's injury was caused by the CPM machine. However, when Rai was deposed, he essentially stated that he accepted plaintiff's history regarding the cause of the injury and he did not have an independent belief regarding causation. In light of such testimony, we agree with defendant that Supreme Court incorrectly relied upon Rai's record to find a triable issue.

Plaintiffs' papers also included an affidavit from Van Gorder. Before looking at the content of Van Gorder's affidavit, we address defendant's contention that the Van Gordor affidavit should not be considered. During argument of the motion before Supreme Court (which was transcribed and included in the record), the court indicated that it was not considering the Van Gorder affidavit. Yet, later in the argument, plaintiffs' counsel urges the court to consider the affidavit, the court does not foreclose the issue, the affidavit is thereafter listed in the ensuing order as being among the papers considered by the court and that order does not indicate the affidavit was struck. More

importantly, the ground asserted by defendant (and ostensibly initially accepted by Supreme Court) for excluding the affidavit is unpersuasive. Defendant argues that its cross motion for summary judgment was a renewal of its earlier motion and, thus, any papers submitted by plaintiffs had to be supported by a showing of a reasonable justification for not being submitted at the time of the prior motion. To the extent that defendant's cross motion can be characterized as a renewal of its prior motion, the requirement of showing a reasonable justification is upon the *movant* seeking renewal (*see* CPLR 2221 [e] [3]; *Davidson v Ambrozewicz*, 23 AD3d 903, 903-904 [2005]; *Louros v Parmiter*, 288 AD2d 273, 274 [2001]; *Kratter v Weintraub*, 97 AD2d 491, 491-492 [1983]). Here, Van Gorder's affidavit was not submitted in support of a motion to renew, but was submitted in opposition to defendant's motion seeking summary judgment and, therefore, was properly before Supreme Court.

In his affidavit, Van Gorder states that he was plaintiff's treating physician and he explains that, following surgery, he executed a set of orders for plaintiff's postoperative care. He sets forth that defendant's records reveal that those orders were not followed in that the CPM machine was not "checked, adjusted or re-fit[ted]" for two entire shifts on March 29, 1997 and that a surgical stocking was "not taken off [plaintiff] for the first four days of his care although it should have been removed each of the three shifts, every day for at least thirty minutes." Van Gorder further relates that he had reviewed Rai's records regarding the ulcer that developed. He concludes by stating that "it is my opinion with a reasonable degree of medical certainty that the CPM machine was the competent producing cause of the pressure ulcer and said ulcer would not occur in the absence of deviation from accepted post-operative care and the failure to follow my orders and directions and the established hospital policy." This evidence is sufficient to raise a triable issue. The remaining issues are academic.

Cardona, P.J., Peters, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, with costs.