*770 OPINION OF THE COURT
Ira R. Globerman, J.
The defendant wife moves for orders permitting her to enter a money judgment against her husband in the amount of $114,474.45 (which sum represents the arrears accrued under a temporary order of support issued on January 18, 1994), suspending the husband’s driving privileges, and permitting her, pursuant to an order dated March 25, 1994, to proceed on her counterclaim for separation.
The husband opposes the wife’s application and moves for orders dismissing her counterclaim and vacating the temporary order of support dated January 18, 1994 on the grounds that the wife, having failed to prosecute the action for 12 years, effectively abandoned it, enjoining the wife from collecting any arrears that may have accumulated under the temporary order of support or, in the alternative, modifying the temporary order of support by reducing the husband’s child support obligations to reflect his current income, and vacating the order directing the husband to pay maintenance.
The court, after reviewing the submissions of counsel, invited them to submit additional papers with respect to the impact, if any, of CPLR 3215 (c) on the issues raised by the parties’ motions. Both counsel filed supplemental affirmations.
Facts
In July 1993, the husband commenced an action for divorce in Bronx county by service of summons with notice on the wife. On January 3, 1994, the wife appeared by her attorney, served a verified counterclaim for separation on the husband and made an application for temporary support. On January 18, 1994, the court (Hon. Luis Gonzalez) issued a temporary order of support awarding the wife $75 per week in maintenance and $192.31 per week in child support. Thereafter, the wife moved to dismiss the husband’s divorce action for failure to serve a complaint. On March 25, 1994, Justice Luis Gonzalez found the husband in default and ordered his cause of action for divorce dismissed. The order of dismissal also permitted the wife to proceed on her counterclaim for separation and provided “that upon submission of the appropriate underlying papers to the Undefended Matrimonial Clerk, this matter shall be added to the undefended Matrimonial Calendar.” The Bronx County records reveal that the case was “disposed” as of March 25, 1994.
In 1995, the husband commenced another divorce action in New York county under index No. 400967/1995. The judgment *771 of divorce, granted on default in that action on February 21, 1995, directed the husband to pay child support in the amount of $70 per week. Thereafter, on consent, the wife’s motion to vacate that judgment of divorce was granted on May 23, 1995. Following the vacating of that judgment, pursuant to an order prepared by the wife’s attorney dated October 6, 1995, the New York County action was transferred to Bronx county and a new index number was assigned, index No. 31897/1995. A review of that file shows no action was ever taken on that matter in Bronx county.
Prior to the filing of the instant order to show cause on December 6, 2005, the wife commenced a proceeding in Bronx Family Court contending that the husband was in violation of the temporary order of support issued by Justice Gonzalez on January 18, 1994 and was in arrears in excess of $110,000. The husband responded with a motion to dismiss the wife’s petition on the grounds that the January 18, 1994 order had been dismissed or vacated. On July 27, 2006, the Support Magistrate denied the husband’s motion without prejudice on the ground that the Family Court did not have jurisdiction in this matter. Thereafter, on October 27, 2006, the instant orders to show cause were filed.
Conclusions of Law
After hearing counsel and reviewing their submissions addressing the applicability of CPLR 3215 (c), the court concludes that this statute is controlling.[1] That statute provides, in relevant part, the following:
“If the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dis *772 missed.”
The wife argues that CPLR 3215 (c) by its terms is inapplicable here because it refers only to a plaintiff failing to institute proceedings for the entry of a judgment upon default within one year and, further, that it refers to the dismissal of a complaint, not a counterclaim. I find that despite the references to “plaintiff’ and “complaint,” CPLR 3215 (c) is applicable here. (Asnes v Hinds, 135 Misc 2d 328, 329 [Civ Ct, Special Term, Kings County 1987], citing Mint Factors v Goldman, 74 AD2d 599 [2d Dept 1980] [while § 3215 (c) does not specifically mention counterclaims, the statute was intended to apply to claims asserted as counterclaims, cross claims and third-party claims]; Estate of Spiegel v Estate of Rickey, 29 AD3d 1180 [3d Dept 2006]; Iovine v Caldwell, 256 AD2d 974 [3d Dept 1998].)
Applying the statute to the instant facts, the court finds that the wife’s counterclaim must be dismissed. On March 25, 1994 upon application of the wife, the husband’s Bronx County divorce action was dismissed on default and removed from the court’s docket with the notation that the case was “disposed.” That order dismissing the husband’s cause of action also permitted the wife to proceed on the husband’s default on her counterclaim for separation by moving that claim to the uncontested matrimonial calendar (at that time called the undefended matrimonial calendar). For 13 years no action was taken by the wife on her counterclaim until the instant motion was brought. Judgment was not entered on the counterclaim within one year as required by CPLR 3215 (c), nor was the action transferred to the uncontested matrimonial calendar. Sufficient cause for that inaction, likewise, has not been offered to date. Accordingly, since the wife failed to take action within one year to obtain a default judgment, the wife’s counterclaim is dismissed “as abandoned” nunc pro tunc to March 26, 1995. (CPLR 3215 [c].)[2]
Alternatively, the wife contends that even if CPLR 3215 (c) were found to be applicable, a dismissal thereunder would not be effective until the date of the husband’s application. Such a reading of the statute, however, would render it meaningless.
This decision is consistent with the inherent unfairness of trying to enforce a temporary order that is some 13 years old. *773 Temporary orders of support are “by [their] very nature temporary and effective only during the pendency of the litigation.” (Sass v Sass, 129 AD2d 622, 624 [2d Dept 1987].) A pendente lite order, in contrast to a permanent order, is generally based on limited information and allegations of the parties and is concerned primarily with the financial need of the party pending trial. Indeed, when a court issues a temporary order it need not consider the 10 factors set forth in the Domestic Relations Law. (Sass, supra.)
In this case, there can be no doubt that the support order was temporary and was to provide the wife with “relief during the pendency of this action.” The order does not refer to any of the factors set forth in Domestic Relations Law §§ 236 and 240. In fact, it does not even determine support based on the husband’s income but rather on the wife’s “estimate of [the husband’s] income as a New York City Police Officer.” (Emphasis added.) Thus, there is simply no reasonable basis for finding that the terms of the pendente lite order continued throughout this period, particularly since the wife did nothing to enforce the order for over a decade.[3] Indeed, it would be anomalous to permit the wife to take advantage of the temporary order of support when her right to enter judgment on her counterclaim has long since lapsed.
However, since CPLR 3215 (c) allows the wife one year to enter judgment after the default, I find that from the date of the wife’s application for support, January 3, 1994, up until one year after the court’s March 25, 1994 decision dismissing the husband’s divorce action and permitting the wife to proceed by default on her counterclaim, the pendente lite order remained in effect. The husband’s liability for ordered payments during this period is not contingent on the wife’s ultimate success on her claim and, therefore, he is responsible for the payments that accrued. (See, e.g., Siddiqui v Siddiqui, 118 AD2d 846 [2d Dept 1986] [the enforcement of an order awarding temporary maintenance is proper even after the matrimonial action in which the order arose is dismissed].)
Accordingly, a hearing is ordered to determine the amount of arrears and interest owed, if any, for the period of time from the *774 date of the wife’s application, January 3, 1994 until March 24, 1995, and the credits, if any, due to the husband.[4]
Any other applications not specifically addressed by this decision are dismissed.

. Contrary to the husband’s contention, CPLR 3404 is inapplicable. CPLR 3404 provides:
“A case in the supreme court or a county court marked ‘off or struck from the calendar or unanswered on a clerk’s calendar call, and not restored within one year thereafter, shall be deemed abandoned and shall be dismissed without costs for neglect to prosecute. The clerk shall make an appropriate entry without the necessity of an order.”
Inasmuch as the wife’s claims were not marked off calendar or struck from the calendar or unanswered on a clerk’s calendar call, this section cannot be successfully invoked in support of the husband’s position.

. I note also that in the wife’s submissions in New York county requesting that the action there be dismissed, the matrimonial action pending in Bronx county was noted. Thus, there is no doubt that the wife and her attorney were aware of the Bronx County action but neglected to take the requisite action.

. Even if the wife’s allegation that some amount of money was deducted from the husband’s salary between January 1996 to June 2006 is true, this does not compel a different result in that it does not relieve the wife of her obligation to pursue her cause of action.

. It should be noted that the court is not cancelling or waiving any child support arrears. Instead, based on the decision herein, there are no arrears except as ordered.