■ WILLIAM CLEMENTE, Respondent, v ANA ROSA CLEMENTE, Appellant. [857 NYS2d 77]—

Order, Supreme Court, Bronx County (Ira R. Globerman, J.), entered on or about June 19, 2007, which, insofar as appealed from, granted plaintiff husband's motion to dismiss defendant wife's counterclaim for a separation as abandoned nunc pro tunc to March 26, 1995, and directed a hearing to determine the amount of arrears and interest, if any, owed by the husband in child support and spousal maintenance for the period between January 3, 1994 and March 24, 1995, unanimously modified, on the law and the facts, to the extent of dismissing the counterclaim as abandoned as of June 19, 2007, and ordering a hearing to determine the amount of arrears and interest, if any, owed by the husband in child support and maintenance for the period between January 18, 1994 and June 19, 2007, and otherwise affirmed, without costs.

The motion court properly dismissed the wife's counterclaim for a separation pursuant CPLR 3215 (c), since she failed to enter a default judgment on the counterclaim within one year of the default, and failed to offer a reasonable excuse for the more than 12-year delay in proceeding in the matter (*see Geraghty v Elmhurst Hosp. Ctr. of N.Y. City Health & Hosps. Corp.*, 305 AD2d 634 [2003]). However, the court improperly deemed the

counterclaim dismissed nunc pro tunc to the one-year expiration date of the default. A dismissal for abandonment pursuant to CPLR 3215 (c) requires that some action be taken, either by one of the parties, or by the court on its own initiative, to dismiss the action. Therefore, the counterclaim remained viable until the motion court dismissed it (compare CPLR 3404; Cawthon v Cawthon, 276 AD2d 661 [2000]).

Although the husband's obligations under the temporary support order terminated with the dismissal of the counterclaim, he was required to obey the temporary order while the counterclaim was pending* (see Fotiadis v Fotiadis, 18 AD3d 699 [2005]), and the wife is entitled to any arrears that accrued prior to dismissal and could enforce such obligation by seeking a money judgment (see Matter of Dyandria M. v Gerard M., 278 AD2d 37 [2000]). Accordingly, a hearing is ordered to determine the amount of arrears and interest the husband owes, if any, from the date of the temporary order of support (January 18, 1994), through June 19, 2007, the date of entry of the order dismissing the wife's counterclaim. Concur—Lippman, P.J., Friedman, Sweeny and Moskowitz, JJ. [See 16 Misc 3d 769.]

---

* We note that the husband continued to make payments throughout the period, albeit in a reduced amount.