| **Pepper v Di Angelo** |
|:---:|
| 2026 NY Slip Op 30934(U) |
| March 11, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 157341/2015 |
| Judge: Anar R. Patel |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 45

-----------------------------------------------------------------------X

MELISSA PEPPER, PAUL STAWINSKI, PETER ROJAS,

                                         Plaintiffs,

                        - v -

JOSEPH DI ANGELO, ALEJANDRO FERRARI,
WORKOUT LOFT INC. D/B/A CANALI CLUB,
CANALI SYSTEM USA LLC,

                                         Defendants.

-----------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 157341/2015 |
| **MOTION DATE** | 12/05/2025 |
| **MOTION SEQ. NO.** | 005 |

**DECISION + ORDER ON MOTION**

**HON. ANAR RATHOD PATEL:**

The following e-filed documents, listed by NYSCEF document number (Motion 005) 235–273 were read on this motion to/for <u>VACATE JUDGMENT</u>.

Defendant Joseph Di Angelo ("Defendant") moves pursuant to CPLR 5015(a)(4) to vacate the judgment entered against him following a post-default inquest, contending that the judgment is void for lack of jurisdiction.  For the reasons that follow, the motion is denied.

**<u>Relevant Factual and Procedural History</u>**

This matter arises from allegations that Defendant induced Plaintiffs Melissa Pepper, Paul Stawinski, and Peter Rojas (collectively, "Plaintiffs") to invest in Defendant's companies through fraudulent representations and breached fiduciary duties owed to Plaintiffs.  Defendant failed to appear or answer the complaint, and a default judgment was entered as to liability.

By order dated July 11, 2016, the Court granted Plaintiffs' motion for a default judgment and referred the matter to a Special Referee for an inquest on damages (NYSCEF Doc. No. 52).  The order of reference directed that the matter proceed to an inquest on damages, and did not expressly state whether the Special Referee was to hear and report or hear and determine.

Thereafter, an inquest on damages was conducted before Special Referee Jeffrey A. Helewitz on May 14, 2018.  Defendant did not appear at the inquest proceedings.  Following the inquest, the Special Referee issued a written determination awarding damages to Plaintiffs (NYSCEF Doc. No. 59).

157341/2015  PEPPER, MELISSA vs. DI ANGELO, JOSEPH
Motion No.  005

Page 1 of 4

1 of 4

The disposition form reflects that the reference was disposed of "in accordance with report/determination," with "Determination" circled, and the matter was marked as "hear and determine." The Referee directed the Clerk to enter judgment (*id.*)

Judgment was subsequently entered on August 13, 2018, in favor of Plaintiffs Melissa Pepper and Peter Stawinski against Defendants, jointly and severally, in the amount of $154,823.33, together with statutory interest and costs, and in favor of Plaintiff Peter Rojas in the amount of $82,080.00, together with interest and costs (NYSCEF Doc. No. 63).

In a subsequent motion in this action, Defendant sought injunctive relief and again asserted that he had not been properly served and that the default judgment was therefore invalid. By Decision and Order dated July 11, 2025, this Court denied that motion, finding that Defendant's allegations were belied by the record, which established that he had been properly served pursuant to CPLR 308(2) and that counsel had appeared on his behalf in the action (*see* NYSCEF Doc. No. 119).

Defendant did not object to the scope of the Referee's authority during the inquest proceedings, did not move to stay entry of judgment, and did not seek appellate review following entry of judgment.

Against this procedural backdrop, Defendant now moves, years after entry of judgment, to vacate the judgment pursuant to CPLR 5015(a)(4), arguing that the judgment is void for lack of jurisdiction based upon the alleged scope of the referee's authority.

## Legal Analysis

Defendant moves pursuant to CPLR 5015(a)(4) to vacate the judgment on the grounds that it is void for lack of jurisdiction. The issue presented is whether the alleged defect concerning the scope of reference to the Special Referee constitutes a jurisdictional defect rendering the judgment void. CPLR 5015(a)(4) is limited to true jurisdictional defects, namely the absence of subject matter jurisdiction or personal jurisdiction; it does not provide relief for procedural errors committed in the course of an otherwise valid proceeding (*see Lacks v Lacks*, 41 NY2d 71, 75 [1976]; *HMC Assets, LLC v Trick*, 199 AD3d 454, 455 [1st Dept 2021]).

Here, the Supreme Court is a court of general jurisdiction (NY Const, art VI, § 7[a]) and possessed subject matter jurisdiction over this action. Defendant does not dispute that the Court possessed subject matter jurisdiction over this action. To the extent Defendant previously asserted that the default judgment was invalid due to improper service, that contention was rejected by this Court in a prior Decision and Order dated July 11, 2025, which found that the record established service pursuant to CPLR 308(2) (*see* NYSCEF Doc No. 119).

Rather, Defendant argues only that the order of reference did not expressly authorize the Special Referee to hear and determine, and that the absence of a CPLR 4403 confirmation motion renders the judgment void. That argument conflates procedural error with a jurisdictional defect.

Even assuming, *arguendo*, that the reference should have been treated as one to hear and report rather than hear and determine, any resulting defect would constitute an error committed within the exercise of the Court's jurisdiction, not an absence of jurisdiction. A challenge to the

157341/2015 **PEPPER, MELISSA vs. DI ANGELO, JOSEPH** **Page 2 of 4**
Motion No. 005

[* 2]

scope of a referee's authority concerns the manner in which the court exercised its jurisdiction, not the existence of jurisdiction itself (*HMC Assets, LLC v Trick*, 199 AD3d 454, 455; *21st Mtge Corp v Raghu*, 197 AD3d 1212, 1213 [2d Dept 2021]). Such an error would render the judgment, at most, voidable, not void, within the meaning of CPLR 5015(a)(4) (*see Lacks v Lacks*, 41 NY2d at 75).

Defendant seeks to raise, by collateral motion, an argument that was available at the time of the inquest and upon entry of judgment. CPLR 5015(a)(4) does not serve as a substitute for direct appellate review and does not convert a procedural argument into a jurisdictional one (*see HMC Assets, LLC v Trick*, 199 AD3d 454, 455 [1st Dept 2021]). Even if the alleged defect occurred, it would render the judgment, at most, voidable for procedural irregularity rather than void for lack of jurisdiction and therefore does not provide a basis for relief under CPLR 5015(a)(4).

Because Defendant has not demonstrated a jurisdictional defect, the motion is denied.

Defendant's supplemental submission separately contends that the action was abandoned by operation of CPLR 3215(c) because Plaintiffs allegedly failed to take proceedings for the entry of judgment within one year of the July 12, 2016 default order. That argument fails for two independent reasons.

First, the factual predicate for abandonment is not established. The record reflects that Plaintiffs filed a Special Referee form in September 2017, and conducted an inquest before Special Referee Helewitz on May 14, 2018, affirmative proceedings directed toward entry of judgment taken within the relevant timeframe. Second, and dispositive, even a cognizable CPLR 3215(c) argument is not properly raised on this motion. Relief under CPLR 3215(c) requires the movant to demonstrate both a reasonable excuse for delay and a potentially meritorious defense (*see Clemente v. Clemente*, 50 AD3d 514, 514 [1st Dept 2008]; *938 St. Nicholas Ave. Lender LLC v. 936-938 Cliffcrest Hous. Dev. Fund Corp.*, 241 AD3d 1134, 1134 [1st Dept 2025]).

Defendant has made no such showing. Moreover, CPLR 3215(c) is not a jurisdictional statute. It operates as a basis for discretionary dismissal upon motion, not as a nullification of the Court's subject matter jurisdiction, and therefore provides no grounds for relief under CPLR 5015 (a)(4).

In conclusion, because the Supreme Court possessed both subject matter and personal jurisdiction in this action, the alleged defect concerning the scope of the reference does not render the judgment void.

The Court has considered the parties' remaining arguments and finds them to be unavailing.

Accordingly, it is hereby

**ORDERED** that Defendant's Motion Sequence 005 to vacate the judgment as void for lack of jurisdiction is DENIED in its entirety; and it is further

157341/2015 PEPPER, MELISSA vs. DI ANGELO, JOSEPH Page 3 of 4
Motion No. 005

3 of 4

[* 3]

**ORDERED** that the judgment entered herein shall remain in full force and effect; and it is further

**ORDERED** that Defendant shall serve a copy of this Decision and Order, with notice of entry, upon all parties within twenty (20) days of entry.

The foregoing constitutes the Decision and Order of the Court.

202603111656AARPATELF5CEA0C8A3D4C88B822E6B798BA8478

_____
3/11/2026
**DATE**

_____
**ANAR R. PATEL, A.J.S.C.**

CHECK ONE:     [X]  CASE DISPOSED    [ ]  NON-FINAL DISPOSITION

[ ]  GRANTED    [X]  DENIED    [ ]  GRANTED IN PART    [ ]  OTHER

APPLICATION:    [ ]  SETTLE ORDER    [ ]  SUBMIT ORDER

CHECK IF APPROPRIATE:    [ ]  INCLUDES TRANSFER/REASSIGN    [ ]  FIDUCIARY APPOINTMENT    [ ]  REFERENCE

**157341/2015 PEPPER, MELISSA vs. DI ANGELO, JOSEPH**     **Page 4 of 4**
**Motion No. 005**

4 of 4

[* 4]